**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bernell BROWN, Defendant–Appellant.**

No. 89–3269.

United States Court of Appeals, Fifth Circuit.

March 13, 1990.

Francis King, Asst. Federal Public Defender, John T. Mulvehill, Federal Public Defender, New Orleans, La., for defendant-appellant.

Michael E. McMahon, Robert J. Boitmann, Asst. U.S. Attys., and John P. Volz, U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before CLARK, Chief Judge, THORNBERRY and JONES, Circuit Judges.

---

PER CURIAM:

## I.

Bernell Brown (Brown) was convicted of two counts of acquiring United States Department of Agriculture food stamps in an unauthorized manner. 7 U.S.C. § 2024(b), 18 U.S.C. § 2. He appeals his conviction, contending that the district court erred in allowing the jury to examine sample food stamps which had not been authenticated or introduced into evidence. He also asserts that the district court's charge to the jury was inadequate. We affirm.

## II.

Brown was employed at a supermarket in New Orleans, Louisiana. He worked for a succession of owners. In the spring of 1987, agents of the Department of Agriculture began investigating the supermarket because it was redeeming an unusually large percentage of its sales in food stamps. Undercover agents went to the store on four occasions and sold food stamps at a discounted value. On two occasions, Brown made trades with an undercover agent. Brown maintained that the store owners had instructed him to make the trades and that he did not know his actions were unlawful.

Brown was later charged with two counts of acquiring food stamps in an unauthorized manner and/or aiding and abetting the unauthorized acquisition of food stamps. 7 U.S.C. § 2024(b); 18 U.S.C. § 2. Knowledge of the unlawful character of the acquisition is a required element of the offense. *See Liparota v. United States*, 471 U.S. 419, 425, 105 S.Ct. 2084, 2088, 85 L.Ed.2d 434 (1985). Brown pleaded not guilty and was tried by a jury.

As the jurors were about to leave the courtroom for deliberations at the close of the trial, one juror asked to see some food stamps. The prosecution informed the court that none had been admitted into evidence. Over defense counsel's objection, the court obtained a sample booklet of food stamps from a government agent, marked it as the court's exhibit, and allowed the booklet to be taken into the jury room. The reverse side of the food stamps carried this standard warning:

> WARNING: It's a crime to illegally use, transfer, acquire, alter or possess food stamps or authorization cards (ATPs). Persons convicted may be FINED AND/OR IMPRISONED. PENALTIES ARE SEVERE.

Brown was subsequently convicted on the two counts charged.

Brown now appeals his conviction, contending that the district court committed reversible error in allowing the jury to examine the sample food stamps. He also asserts that the district court's instruction on aiding and abetting did not sufficiently emphasize the required element of specific criminal intent. We affirm.

## III.

■ Errors made by the district court during a criminal trial are not grounds for reversal unless they affect the substantial rights of the accused. Fed.R.Crim.P. 52(a). The accused's substantial rights are not affected unless there is a reasonable possibility that the errors are prejudicial. *See United States v. Howard*, 506 F.2d 865, 866 (5th Cir.1975).

■ Brown argues that admitting the sample food stamp booklet into evidence was prejudicial error because it negated his only defense—lack of knowledge of the wrongful character of his actions. At trial, Brown claimed he did not know it was unlawful to trade money for food stamps when the trade was conducted outside the supermarket. *See Liparota*, 471 U.S. at 425, 105 S.Ct. at 2088. Brown contends that the jury could have seen the warning printed on the sample food stamps and inferred that Brown had read the warning and knew that his conduct was unlawful. We reject this contention.

The warning printed on the food stamps was not inconsistent with Brown's defense. The warning does not state that it is unlawful under any circumstances to trade money for food stamps at a discounted value. It merely indicates that persons engaging in unauthorized transfers can be subjected

to criminal penalties. Brown admitted at trial that he knew some trades were unauthorized. For example, he admitted he knew the supermarket could lose its license if he traded money for food stamps inside the store. His defense was that he did not know transfers outside the store were also unauthorized. The warning was not inconsistent with the claim he did not know his conduct was unlawful outside the store.

The jury had substantial, if not overwhelming, evidence without the food stamps to support the conclusion that Brown knew his conduct was unlawful. Brown admitted at trial that he knew trading money for food stamps inside the supermarket was unlawful. Brown also testified that he had worked at the supermarket for many years and had "done it all" for the various store owners. The supermarket has traditionally redeemed large amounts of food stamps. The jury could reasonably have concluded that Brown's work experience and his admissions with respect to trades inside the supermarket were inconsistent with his testimony that he did not know his conduct was unlawful outside the store.

Finally, no attempt was made to connect Brown to the sample food stamps, and because the stamps were admitted as the jury retired, the jurors were never urged or instructed that the warning on the food stamps was evidence that Brown knew his conduct was unlawful. Brown correctly challenges the lack of any proper authentication of the booklet admitted, but he does not contend that the sample stamps were not genuine. Nor does he argue that they would have been inadmissible if the district court had re-opened the evidence and had allowed the prosecution to lay a proper foundation. We conclude that the trial court's error in admitting the booklet of food stamps was harmless.

Brown also contends that the district court's instruction to the jury on aiding and abetting did not adequately emphasize the required element of specific criminal intent. The court's charge satisfactorily explained the element of specific intent. *See United States v. Roberts*, 483 F.2d 226, 228 (5th Cir.1973). The identical instruction was tacitly approved in *United States v. Walker*, 621 F.2d 163, 165 n. 1 (5th Cir.1980), *cert. denied*, 450 U.S. 1000, 101 S.Ct. 1707, 68 L.Ed.2d 202 (1981).

### IV.

The judgment of conviction is AFFIRMED.