**Thomas Miller HINDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–95–01520–CR, 05–95–01551–CR.**

Court of Appeals of Texas, Dallas.

Jan. 12, 1998.

Published in Part Pursuant to Tex. R. App. P. 90.

**34**

Douglas H. Parks, Law Offices of Douglas H. Parks, Dallas, for Appellant.

Patricia Poppoff Noble, Asst. Dist. Atty., Dallas, for State.

Before MALONEY, WHITTINGTON and BRIDGES, JJ.

### OPINION

BRIDGES, Justice.

### I. INTRODUCTION

Thomas Miller Hinds appeals his convictions for aggravated sexual assault and indecency with a child. After finding appellant guilty, the jury assessed punishment at eighty years' confinement in the aggravated sexual assault case and twenty years' confinement in the indecency case. In six points of error, appellant contends the trial court erred in (1) admitting certain evidence at trial, and (2) not declaring a mistrial following two improper comments by the State during closing argument at punishment. For

the reasons set forth below, we affirm the trial court's judgments.

### II. BACKGROUND

The grand jury indicted appellant for aggravated sexual assault of a child under fourteen and indecency with a child. Appellant pleaded not guilty to both charges, and the cases were tried together in October 1995. During trial, the State called six witnesses in its case-in-chief, including the two eight-year-old complainants, J.A. and B.A. Appellant then testified in his own defense, and the State called a single witness in rebuttal. After both sides rested and closed, the jury found appellant guilty of the charged offenses. The State then called three witnesses at punishment. Following their testimony, the jury assessed punishment. This appeal followed.

### III. EXTRANEOUS OFFENSES

■ In his first point of error, appellant contends the trial court erred in allowing J.A. to testify that appellant sexually assaulted her on more than one occasion. According to appellant, this testimony should have been excluded because it was irrelevant and unduly prejudicial. We disagree.

Article 38.37 of the Texas Code of Criminal Procedure states, in pertinent part, that:

Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense *shall be admitted* for its bearing on relevant matters, including:

(1) the state of mind of the defendant and the child; and

(2) the previous and subsequent relationship between the defendant and the child.

TEX.CODE CRIM. PROC. ANN. art. 38.37, § 2 (Vernon Pamph.1998) (emphasis added). Article 38.37 applies to prosecutions for sexual offenses committed against a child under seventeen years of age. *Id.* § 1. Under the language of article 38.37, J.A.'s testimony was admissible if it involved evidence of other crimes, wrongs, or acts committed by

appellant against J.A. J.A.'s testimony met this requirement. Accordingly, we conclude her testimony was admissible under article 38.37.

In reaching our decision, we necessarily reject appellant's argument that J.A.'s testimony should have been excluded because (1) it was irrelevant and unduly prejudicial under rules 402 and 403 of the rules of criminal evidence, and (2) the exception set out in article 38.37 does not "supersede" application of these rules. Contrary to appellant's suggestion, article 38.37 *does* supersede application of rule 402. By enacting article 38.37, the legislature in effect determined that, in *certain sexual abuse cases, evidence of* "other crimes, wrongs, or acts" committed by the accused against the child victim *are* relevant and admissible under rule 402. *See* Tex. Code Crim. Proc. Ann. art. 38.37, § 2 (Vernon Pamph.1998) (noting that evidence shall be admitted *for its bearing on relevant matters* including state of mind and parties' previous and subsequent relationship). Moreover, we conclude, after reviewing the record in these causes, that the probative value of J.A.'s testimony was not substantially outweighed by its danger of unfair prejudice. Tex.R.Crim. Evid. 403. Accordingly, the trial court did not err in admitting the testimony. We overrule appellant's first point of error.

## V. OFFICER'S TESTIMONY

In his fourth point of error, appellant contends the trial court erred in overruling his objection to certain testimony elicited from Garland Police Officer I.C. Hale. At trial, Hale testified, in response to a question from the prosecutor, that not all allegations of sexual abuse are ultimately referred to the district attorney's office for prosecution. Appellant objected to Hale's testimony, arguing it was irrelevant and constituted improper bolstering. The trial court overruled appellant's objections.

We have reviewed the record in these cases and conclude we need not decide whether the trial court erred in admitting Hale's testimony because, even assuming it did, the error was harmless. Under rule 44.2(b) of the Texas Rules of Appellate Procedure, effective September 1, 1997, we dis-

regard any nonconstitutional error that does not affect the defendant's substantial rights. *See* Tex.R.App. P. 44.2(b). Although Texas courts have yet to construe the language of the new appellate rule, we note that the language of rule 44.2(b) tracks the language of Federal Rule of Criminal Procedure 52(a). *See* Tex.R.App. P. 44.2(b) (comments following rule recognize that paragraph 44.2(b) was taken from federal rule without substantive change). Because the two rules are identical, we consult federal cases interpreting rule 52(a) for guidance in applying our new harmless error rule.

Under rule 52(a), errors made during a criminal trial are not grounds for reversal unless they affect the accused's substantial rights. *See* Fed.R.Crim.P. 52(a); *see also United States v. Brown*, 897 F.2d 162, 163 (5th Cir.1990). The accused's substantial rights are not affected unless there is a reasonable possibility that the errors are prejudicial; *i.e.*, that they "might have contributed" to the defendant's conviction. *See Brown*, 897 F.2d at 163; *United States v. Lay*, 644 F.2d 1087, 1090 (5th Cir.), *cert. denied*, 454 U.S. 869, 102 S.Ct. 336, 70 L.Ed.2d 172 (1981). Under rule 52(a), an error is harmless if the reviewing court determines, after reviewing the entire record, that the error did not influence, or had only a slight influence on, the verdict. *See United States v. DeAngelo*, 13 F.3d 1228, 1233 (8th Cir.), *cert. denied*, 512 U.S. 1224, 114 S.Ct. 2717, 129 L.Ed.2d 842 (1994). Stated another way, an appellate court must only reverse a conviction based on an erroneous evidentiary ruling if the jury may have been "substantially swayed" by the improperly-admitted evidence. *Id.*

Under the federal standard, the appellate court's task is to gauge what effect, if any, the error had or reasonably may be taken to have had on the jury's decision. *See United States v. Foster*, 939 F.2d 445, 450 (7th Cir. 1991). Those errors that did not influence the jury or had only a very slight effect on the jury are disregarded as harmless. *Id.* Because our new appellate rule was modeled on the federal rule, we will utilize the federal courts' interpretation of rule 52(a) in conducting our harmless error analysis.

**36**

Here, the jury had substantial, if not overwhelming, evidence to support the conclusion that appellant was guilty of sexually abusing J.A. and B.A. even without Hale's testimony. Both J.A. and B.A. testified appellant touched them inappropriately. The complainants' mother, Annette Hinds, testified about the children's descriptions of abuse, and Helen Meyer, the children's therapist, testified the children's behavior caused her concern about the possibility of sexual abuse by appellant. Thus, it appears that, even without Hale's testimony, the evidence overwhelmingly supported the jury's finding of guilt in both cases. In addition, we note that the testimony complained of, though perhaps slightly damaging, did not constitute direct evidence that appellant was guilty of the offenses charged. Thus, we conclude, after reviewing the record as a whole, that the admission of Hale's testimony did not influence or had only a very slight influence on the verdicts in these cases. It certainly did not "substantially sway" the jury in reaching its verdicts. Accordingly, we conclude the error, if any, in allowing the subject testimony was harmless. *See* Tex.R.App. P. 44.2(b).[2] We overrule appellant's fourth point of error.

We affirm the trial court's judgments.

2. We note that, even if we were to conduct a harm analysis under former rule 81(b)(2), we would still conclude the error was harmless beyond a reasonable doubt. Under former rule 81(b)(2), we reversed a conviction when we found trial error unless we could determine beyond a reasonable doubt that the error made no contribution to the conviction or the punishment. *See* Tex.R.App. P. 81(b)(2) (former rules); *Orona v. State*, 791 S.W.2d 125, 129–30 (Tex.Crim.App. 1990). In undertaking this analysis, we first isolated the error and its effects. We then considered (1) the source of the error, (2) the nature of the error, (3) whether or to what extent the State emphasized the error, (4) the error's probable collateral implications, (5) how much weight a juror would likely place on the error, and (6) whether declaring the error harmless would encourage the State to repeat it with impunity. *See Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim. App.1989). In determining harm, we focused on whether the error might have prejudiced a juror's decisionmaking process, not on the weight of other evidence of guilt. *Id.* at 587–88.

Although the source of the error in this case was the State, we note the State did not emphasize the error either in its closing argument to the jury or at any other time during the trial. Thus, the error appears to have been an isolated incident occurring during the testimony of a single witness. That witness provided only five pages of testimony. Compared to the more than 150 pages of testimony provided by the State's other five witnesses, we do not believe the jury was likely to place much emphasis on the single question and answer complained of. Considering the nature and timing of the error as well as the fact the State did not emphasize the error to the jury, we conclude the error was not likely to have prejudiced the jurors' decisionmaking process. Accordingly, we conclude, under former rule 81(b)(2), that the error, if any, was harmless.