NO. 07-03-0369-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 22, 2004



______________________________




McKINLEY ROOSEVELT LEE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;



NO. 10,278; HONORABLE TOM NEELY, JUDGE



_______________________________




Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.



MEMORANDUM OPINION




 Following his open plea of guilty, appellant McKinley Roosevelt Lee was convicted
of aggravated robbery and punishment was assessed at 35 years confinement. In
presenting this appeal, counsel has filed an Anders (1) brief in support of a motion to
withdraw. We affirm and grant counsel's motion to withdraw.

 In support of his motion to withdraw, counsel has certified that he has diligently
reviewed the record and, in his opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, he concludes the appeal is frivolous and without
merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel
has discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that he sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that he notified appellant of his right to review the record and file a pro
se brief if he desired to do so. Appellant did not file a response and the State did not favor
us with a brief.

 During the punishment phase the victim testified that on March 15, 2004, at
approximately 7:45 p.m., as she was attempting to get into her car, appellant approached
her, stuck something in her side and said he was going to kill her or take her car. He
grabbed her by the head, threw her into the car beside her car, grabbed her keys, and
drove away in her car. Medical evidence established that the victim sustained serious
bodily injury.

 Counsel raises one issue by which he concedes no good faith argument can be
presented to challenge appellant's plea of guilty and his sentence. A review of the record
establishes that appellant's plea was knowingly and voluntarily made. Counsel also notes
that appellant had effective representation and thus, no argument can be made under
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Also, the
trial court is vested with a great degree of discretion in imposing an appropriate sentence. 
Jackson v. State, 680 S.W.2d 809, 814 (Tex.Cr.App. 1984). If the punishment assessed
is within the statutory range, then it should not be disturbed on appeal. Nunez v. State, 565
S.W.2d 536, 538 (Tex.Cr.App. 1978). Aggravated robbery is a first degree felony
punishable by imprisonment for life or for any term of not more than 99 years or less than
five years. Tex. Pen. Code Ann. §§ 12.32(a) & 29.03(a)(1) (Vernon 2003). Thus, no error
is presented in the trial court's assessment of a 35-year sentence.

 We have also made an independent examination of the entire record to determine
whether there are any other arguable grounds which might support this appeal. See Penson
v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no non-frivolous issues and agree with counsel that the appeal is without merit. Currie v. State, 516
S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice

Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



160;                                    07-06-0342-CR
                                                             07-06-0343-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 27, 2008
______________________________

JOHNNY JOE FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,730-C, 50,732-C, 50,733-C, 50,731-C, 50,734-C

HONORABLE PATRICK PIRTLE, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellant Johnny Joe Flores appeals from the trial court’s judgments in five
companion cases, convicting him of aggravated sexual assault of a child, sexual assault
of a child and indecency with a child by sexual contact. The jury assessed punishment at
eighty-five years for the aggravated sexual assault case, and twenty years each for the two
sexual assault cases and the two indecency cases. By his sole issue on appeal, appellant
challenges the trial court’s failure to exclude evidence of extraneous offenses. Because
we find the evidence was properly admitted under the Rules of Evidence and the Code of
Criminal Procedure, we affirm the trial court’s judgments.
          By five April 2005 indictments, appellant was charged with aggravated sexual
assault of a child,


 sexual assault of a child,


 and indecency with a child by sexual contact.



On appellant’s plea of not guilty, the five charges were tried together. Factual and Procedural Background
          At trial, the State presented evidence to show that appellant engaged in sexual
contact with his three great-nephews, D.A., S.A. and F.A. Each of the victims testified. 
They described multiple instances of similar sexual contact, some of them occurring on
dates other than those set forth in the indictments.


 Appellant objected to testimony of the
extraneous acts. The trial court overruled appellant’s objections, finding the evidence more
probative than prejudicial and admissible as bearing on relevant matters including the
previous and subsequent relationship between appellant and the children. 
 
          Following presentation of the evidence, the jury returned a verdict of guilt as alleged
in each of the five indictments. The jury then heard punishment evidence and assessed
punishment at eighty-five years for the aggravated sexual assault case, and twenty years
each for the two sexual assault cases and the two indecency cases. The court sentenced
appellant accordingly, ordering the sentences to run concurrently. This appeal followed.
Analysis
          Appellant contends, through one point of error, that the trial court erred in allowing
the State to introduce evidence of appellant’s extraneous conduct because it fell outside
the parameters of article 38.37 of the Code of Criminal Procedure or any exception under
Texas Rule of Evidence 404(b).


 Specifically, appellant contends the State failed to show
the relevance of the extraneous conduct evidence.
          We review a trial court’s decision to admit or exclude evidence for an abuse of
discretion. Montgomery v. State, 810 S.W.2d 372, 390 (Tex.Crim.App. 1990) (op. on
reh’g). Accordingly, we will not reverse a trial court’s ruling if it is within the “zone of
reasonable disagreement.” Id. at 391. 
          On appeal, the State contends first that the testimony of which appellant apparently
complains referred to conduct like that alleged in the indictments and was not actually
extraneous offense evidence, and second that the testimony was not improperly admitted
even if it constituted evidence of extraneous offenses. We agree with both the State’s
contentions.
          Because the trial court treated the objected-to testimony as evidence of extraneous
offenses, we address that theory first. If the evidence of which appellant complains was
extraneous offense evidence, we find no error in its admission. Article 38.37 of the Code
of Criminal Procedure applies to prosecutions for sexual offenses committed against a
child under seventeen years of age. Tex. Code Crim. Proc. Ann. art. 38.37, § 1 (Vernon
2005). Article 38.37 provides in part:
Notwithstanding Rule 404 and 405, Texas Rules of Criminal Evidence,
evidence of other crimes, wrongs, or acts committed by the defendant
against the child who is the victim of the alleged offense shall be admitted for
its bearing on relevant matters including: (1) the state of mind of the
defendant and the child; and (2) the previous and subsequent relationship
between the defendant and the child.
 
          It is undisputed appellant was on trial for crimes enumerated in section one of article
38.37 and that each of the victims was under the age of 17. The challenged testimony by
the victims involved evidence of other crimes, wrongs, or acts committed by appellant
against them near the dates alleged in the indictments.


 Under the statutory provision, we
find their testimony was relevant to show appellant’s state of mind and the previous and
subsequent relationship between appellant and his three great-nephews. See DeLeon v.
State, 77 S.W.3d 300, 311 (Tex.App.–Austin 2001, pet. ref’d); McCoy v. State, 10 S.W.3d
50, 54 (Tex.App.–Amarillo 1999, no pet.); Hinds v. State, 970 S.W.2d 33, 35
(Tex.App.–Dallas 1998, no pet.). See also Smith v. State, 5 S.W.3d 673, 678 n.10
(Tex.Crim.App. 1999) (contrasting language of article 38.37 with that of article 38.36(a));
Hinojosa v. State, 995 S.W.2d 955, 957 (Tex.App.–Houston [14th Dist.] 1999, no pet.)
(finding testimony concerning 520 extraneous acts against child were relevant to show the
state of mind of appellant and child and the previous and subsequent relationship between
appellant and child; evidence was relevant and did not violate rules 401 or 402).
          We also find, however, that the trial court was not required to treat the testimony as
presenting evidence of extraneous offenses. The testimony of which appellant apparently
complains consists of instances of conduct purportedly outside the acts alleged in the
indictment. However, each of the encounters testified to by each of the victims involved
conduct like that alleged in the indictments. An extraneous offense is any act of
misconduct, whether resulting in prosecution or not, which is not shown in the charging
instrument and which was to have been committed by the accused. Brown v. State, 6
S.W.3d 571, 575 (Tex.App.–Tyler 1999, no pet.), citing Hernandez v. State, 817 S.W.2d
744, 746 (Tex.App.–Houston [1st Dist.] 1991, no pet.). It is permissible for the State to
present evidence of multiple occurrences of the acts alleged in the indictment, even if the
evidence shows that such acts were committed on different dates from the dates shown
in the indictment. Id. 
 
          Thus, like the court in Brown, we find Vernon v. State, 841 S.W.2d 407
(Tex.Crim.App. 1992), on which appellant relies, distinguishable. Brown, 6 S.W.3d at 575-76. Here, the five indictments charged appellant with causing the anus of F.A. to contact
the sexual organ of appellant, causing the sexual organ of appellant to penetrate the anus
of F.A., causing the penetration of the anus of D.A. by the sexual organ of appellant,
causing the anus of D.A. to contact the sexual organ of appellant, causing penetration of
the mouth of D.A. by the appellant’s sexual organ, causing the mouth of D.A. to contact the
sexual organ of appellant, engaging in sexual contact with D.A. by touching the genitals
of D.A., and engaging in sexual contact with S.A. by touching the genitals of S.A. The acts
testified to by the victims during trial were multiple instances of this behavior on different
dates. D.A. testified “they would always be the same things.” In Vernon, because the
indictment charged the accused with digital penetration, not the prior acts of external
touching, those instances were extraneous.


 We thus find appellant’s reliance on Vernon
misplaced. See Holmes v. State, No. 05-03-00915-CR, 2004 WL 2804800
(Tex.App.–Dallas Nov. 30, 2004, no pet.) (mem. op., not designated for publication)
(applying Brown); Wilson v. State, No. 06-00-00008-CR, 2002 WL 992108
(Tex.App.–Texarkana May 16, 2002, no pet.) (mem. op., not designated for publication)
(distinguishing Brown and Vernon).
 
          Lastly, appellant appears to advance a challenge under Rule of Evidence 403. We
find no abuse of discretion in the trial court’s evaluation of the balance between the
probative and prejudicial natures of the challenged testimony. The challenged testimony
involved acts of the same nature as the charged offenses and was heard during the
victims’ testimony regarding the charged offenses. See Montgomery , 810 S.W.2d at 390
(outlining factors for Rule 403 analysis). The State’s need for the evidence, like that noted
by this Court in McCoy, 10 S.W.3d at 54, is difficult to assess empirically, but its prejudicial
effects did not substantially exceed its probative value.
          We overrule appellant’s issue, and affirm the trial court’s judgment in each of the
five causes.
 
                                                                           James T. Campbell

                                                                                    Justice







 

Do not publish.