COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

DION JUAN DENNIS,                                        )

                                                                              )              
No.  08-02-00044-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )          
Criminal District Court #2

THE STATE OF TEXAS,                                     )

                                                                              )            
of Dallas County, Texas

Appellee.                           )

                                                                              )              
(TC# F-0001092-TI)

                                                                              )

 

 

O
P I N I O N

 








Dion Juan Dennis,
indicted for the offense of capital murder, appeals his conviction by a jury
for the offense of murder.  The jury
assessed his punishment at thirty-one years in the Texas Department of Criminal
Justice, Institutional Division.  In five
issues, he contends that the trial court: 
(1) committed reversible error by denying him the opportunity to
introduce evidence that his codefendant, the State=s
primary witness, was not a truth teller capable of belief under oath; (2) erred
by excluding his rebuttal evidence that Brandon Jackson committed the felony
offense of aggravated sexual assault against Shanice Reeves after the State Aopened the door@
to the evidence by attacking the basis of Reeves=s
opinion that Jackson was not a truthful person; (3) erred by violating his
rights pursuant to Article I, section 10 of the Texas Constitution, by
preventing him and his trial counsel from consulting during a trial recess; (4)
erred by violating his rights pursuant to the Fifth Amendment to the United
States Constitution by allowing the State to comment on his silence during the
punishment phase of trial; (5) and erred by violating his rights pursuant to
the Sixth Amendment to the United States Constitution by precluding him from
eliciting testimony from the complainant=s
wife regarding her civil lawsuit arising out of the circumstances of this
case.  We affirm.

Dennis contends in
Issue One that the trial court committed reversible error by denying him the
opportunity to introduce evidence that his codefendant, Brandon Jackson, the
State=s primary
witness, was not a truth teller capable of belief under oath.  Jackson testified at trial concerning Dennis=s involvement in the robbery of a Sam=s Club store located in Dallas
County.  He explained how, after several
prior attempts, he and Dennis had confronted the complainant, a Sam=s Club manager, and forced him into the
store.  He related that Dennis, who was
armed, entered the store with the complainant for the purpose of obtaining
money from the store=s
safe.  He indicated that after they left
the store, Dennis explained to him that he had shot the manager after the
manager resisted him while opening the safe.

The standard for
reviewing a trial court=s
ruling on the admission or exclusion of evidence is abuse of discretion.  Burden v. State, 55 S.W.3d 608, 615
(Tex.Crim.App. 2001).  As long as the
trial court=s ruling
is within Athe zone
of reasonable disagreement,@
there is not an abuse of discretion.  Rachal
v. State, 917 S.W.2d 799, 807 (Tex.Crim.App. 1996).  We will uphold the trial court=s decision if it is correct on any
theory of law applicable to the case.  State
v. Ross, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000).








The credibility of
a witness may be attacked or supported by evidence in the form of opinion or
evidence, subject to certain limitations, one of which is that the evidence may
refer only to character for truthfulness or untruthfulness.  Tex.R.Evid.
608(a).  The trial court would not allow
Dennis to present the testimony of Debbie Reeves that, in her opinion, Jackson
is not a truthful person.  She indicated
that her opinion was based upon several things: 
(1) she heard that Jackson had committed a sexual assault Awith@
her daughter; (2) she heard from her daughter and a police officer that Jackson
was involved with a burglary in her home; (3) she heard from an assistant
district attorney that Jackson had sexually assaulted his little brother; (4)
she heard from an assistant district attorney that Jackson was troublesome and
was in and out of trouble; (5) she heard from an assistant district attorney
that Jackson  had lied about her daughter
in connection with the alleged sexual assault, saying she was on drugs and had
forced herself on him; and (6) she heard from a police officer that Jackson was
a member of the Crips gang.  She said she
believed that anyone who was in and out of trouble and anyone who was a member
of the Crips gang is not worthy of belief under oath.  She also would have testified, based upon
what she had been told, that she knows his reputation in the community for
truthfulness and that it is bad.  

We hold that the
trial court could reasonably have determined that Reeves had no reasonable
basis upon which to form an opinion as to Jackson=s
truthfulness or upon which to testify as to his reputation.  Her testimony is based solely on specific
instances of misconduct that were of such a nature that they could not form the
basis of an opinion that Jackson is not worthy of belief because he generally
does not tell the truth nor the basis of testimony as to Jackson=s poor reputation in the community for
telling the truth.








In asserting that
a reasonable basis for her testimony was shown, Dennis relies upon the case of Adanandus
v. State, 866 S.W.2d 210 (Tex.Crim.App. 1993).  We find that case to be distinguishable.  In Adanandus, three police officers
each testified that the defendant=s
reputation in the community for being peaceful and law-abiding was bad.  Adanandus, 866 S.W.2d at 226.  Their conclusions were based upon discussions
with other police officers regarding various criminal activities of the
defendant and their own investigations of such activities, including
discussions with members of the community during the course of those
investigations.  Id.  Their testimony was based upon at least ten
years of contact with the defendant.  Id.  The court held that the trial court did not
abuse its discretion by admitting their testimony, despite the fact they had
never specifically inquired of anyone as to the defendant=s reputation.  Id. 
The court held that testimony was based upon Aa
synthesis of observations and discussions which results in a conclusion as to
the individuals=
reputation.@  Id. 
In the case at bar, while Reeves=s
testimony might support an opinion as to Jackson=s
reputation for being peaceful and law abiding, it would not support her opinion
as to his being of untruthful character or of having a reputation as a person
of untruthful character because her observations and discussions were not of a
nature that would support such opinions. 
We overrule Issue One.

Dennis urges in
Issue Two that the trial court erred by excluding his rebuttal evidence that
Brandon Jackson committed the felony offense of aggravated sexual assault
against Reeves=s
daughter, S. R., after the State Aopened
the door@ to the
evidence by attacking the basis of S. R.=s
opinion that Jackson was not a truthful person.








S. R. testified at
trial that she had a bad opinion as to Jackson=s
truthfulness and that in her opinion he is not someone who could be believed
under oath.  On cross-examination by the
State, S. R., when asked if she dated Jackson, replied, AI
say that we was together, but just not really dating.@  She acknowledged that she was twelve years of
age when she first met Jackson.  She
indicated that her opinion as to Jackson=s
lack of truthfulness was based solely because he told people she used drugs
when she did not.  The trial court would
not allow Dennis to prove that Jackson had committed an aggravated sexual
assault against S. R.  We hold that the
trial court did not abuse its discretion in excluding this testimony because it
had no relevance to S. R.=s
opinion as to Jackson=s
credibility and because, even if it did, any probative value as to that issue
was substantially outweighed by the danger of unfair prejudice.  Tex.R.Evid.
402, 403.

Dennis contends
that the evidence was nonetheless admissible because the State Aopened the door@
to what was otherwise inadmissible evidence. 
He relies upon the case of Bush v. State, 773 S.W.2d 297, 301
(Tex.Crim.App. 1989).  In that case, the
court held that where the State could not call a witness because the witness
had asserted her rights under the Fifth Amendment to the United States
Constitution, an argument by the defense that the State was obligated to call
the witness and asking what kind of witness she would have made did not open
the door to the State to bring forth that the witness, if called to the stand,
would testify in a manner consistent with the testimony of the district
attorney.  Id.  In the case at bar, we fail to see that the
State=s asking
the witness whether she dated Jackson, and her reply that they were together,
but not really dating, opened the door to evidence that Jackson sexually
assaulted S. R.  We find that Bush supports
and is not inconsistent with our decision regarding this issue.  We overrule Issue Two.








Dennis asserts in
Issue Three that the trial court violated his rights pursuant to Article I,
section 10 of the Texas Constitution by preventing him and his trial counsel
from consulting during a trial recess. 
While Dennis was testifying, the trial court declared a fifteen-minute
recess and instructed Dennis=s
counsel not to consult with him during the recess.  Dennis objected on the basis that this was a
violation of the attorney-client relationship and also that it violated his
right to counsel under the Sixth Amendment to the United States Constitution
and under the Texas Constitution.  Such
an instruction is not a violation of the Sixth Amendment to the United States
Constitution.  Perry v. Leeke, 488
U.S. 272, 284-85, 109 S.Ct. 594, 602, 102 L.Ed.2d 624, 636 (1989).  Dennis seeks to distinguish Perry by
noting that it was the trial judge who interrupted the cross-examination of
Dennis and called a recess.  He does so
because the Court in Perry commented that neither a defendant nor a
lawyer has a right to have testimony interrupted to obtain the benefit of
counsel=s
advice.  Id. at 488 U.S. 281, 109
S.Ct. 600, 102 L.Ed.2d 634.  The
difficulty with Dennis=s
argument is that in Perry, as well as in the case at bar, it was the
trial judge who declared the brief recess. 
Id. at 488 U.S. 273, 109 S.Ct. 596, 102 L.Ed.2d 629. 

To brief a state
constitutional issue adequately, an appellant must present specific arguments
and authorities supporting his or her contentions under the Texas
Constitution.  Bell v. State, 90
S.W.3d 301, 305 (Tex.Crim.App. 2002). 
While Dennis provides us with authority to the effect that Texas could
theoretically provide greater protection in its Constitution than that in the
United States Constitution, he presents no specific arguments or authorities
supporting his contention that the Texas Constitution does provide greater
protection than the United States Constitution with respect to the trial court
ordering counsel not to confer with the client during a brief recess that
occurs during the examination of the client. 
We overrule Issue Three.








Dennis insists in
Issue Four that the trial court violated his rights pursuant to the Fifth
Amendment to the United States Constitution when it allowed the State to
comment on his silence during the punishment phase of the trial.  Dennis testified during the first phase of
the trial, but did not testify during the punishment phase.  During the closing argument on punishment,
the prosecutor argued, ANow,
let=s talk about--okay, to be
rehabilitated, to be salvageable, don=t
you have to admit responsibility for your acts? 
Don=t you
have to--.@  At this point, counsel for Dennis objected, AJudge, that=s
a comment on the defendant=s
failure to testify.  This stage of trial,
I object to it.@  After the trial court overruled the
objection, the prosecutor argued, AIn
the first phase of the trial, did he admit responsibility for this one
bit?  To be rehabilitated that=s the first step you=ve got to take, admit responsibility.@

The failure of an
accused to testify may not be the subject of comment by the prosecution.  Montoya v. State, 744 S.W.2d 15, 34
(Tex.Crim.App. 1987), overruled on other grounds, Cockrell v. State,
933 S.W.2d 73, 89 (Tex.Crim.App. 1996). 
Such comments violate the privilege against self-incrimination contained
in the Fifth Amendment to the United States Constitution, Article I, section 10
of the Texas Constitution, and article 38.08 of the Texas Code of Criminal
Procedure.  Montoya, 744 S.W.2d at
34.  The offending language, when viewed
from the jury=s standpoint,
must be manifestly intended or be of such a character that the jury would
naturally and necessarily consider it to be a comment on the accused=s failure to testify.  Id. at 35.  It is not sufficient that the language might
be construed as an implied or indirect allusion to the accused=s failure to testify.  Id. 
Dennis had testified in the first phase of the trial, admitting that a
Sam=s employee and Jackson had tried to
talk him into participating in the robbery, but that he had refused to do
so.  He denied participating in the
robbery and murder in any way.  








Given the fact
that Dennis had testified at the first phase of the trial and had denied
participation in the offense, the prosecutor=s
argument that in order to be salvageable one would have to admit responsibility
for one=s acts
was not a comment of such character that the jury would naturally and
necessarily consider it to be a comment on Dennis=s
failure to testify at the punishment phase of the trial, and the language used
by the prosecutor did not have a clear implication that it referred to such
failure to testify.  See Hinds v.
State, 970 S.W.2d 33, 36 (Tex.App.--Dallas 1998, no pet.).  We overrule Issue Four.

Dennis argues in
Issue Five that the trial court erred by violating his rights pursuant to the
Sixth Amendment to the United States Constitution by precluding him from
eliciting testimony from the complainant=s
wife regarding her civil lawsuit arising out of the circumstances of the
case.  The complainant=s widow testified concerning her
marriage to the complainant.  She spoke
of receiving the call about what had happened and going to the hospital.  She described her husband=s condition and the fact that he
survived for several days with the assistance of breathing devices.








Outside the
presence of the jury, Dennis sought to present testimony from the complainant=s widow concerning her civil suit
against Sam=s Club
and a security company.  The trial court
sustained the State=s
objection as to relevance.  Dennis
contends that the testimony was admissible to show an interest or bias on the
part of the witness.  Inasmuch as Dennis
was not a party to the civil suit; no relation existed between him and the
security company; no fact issue existed concerning the occurrence of the crime;
and there was no other reason to believe that the lawsuit might cause the
complainant=s widow
to be biased in her testimony, the widow=s
lawsuit did not give rise to an inference of bias.  See Hoyos v. State, 982 S.W.2d
419, 421-22 (Tex.Crim.App. 1998).  Dennis
fails to show us any reason to believe that the lawsuit might cause the
complainant=s widow
to be biased in the testimony that she presented.  Consequently, the trial court properly
excluded the testimony, not only because it was not relevant, but also because
any probative value that it did have would have been substantially outweighed
by the danger of unfair prejudice and because it would have confused the
issues, mislead the jury, or both.  Tex.R.Evid. 402, 403.  We overrule Issue Five. 

The judgment is
affirmed

 

 

 

November
18, 2004

JOHN HILL, Chief
Justice (Ret.)

 

Before Panel No. 5

Barajas, C.J., McClure, J., and Hill, C.J. (Ret.)

Hill, C.J. (Ret.)(Sitting by Assignment)

 

Do Not Publish