NOS.07-06-0338-CR
07-06-0339-CR
07-06-0340-CR
07-06-0342-CR
07-06-0343-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 27, 2008
_____

JOHNNY JOE FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,730-C, 50,732-C, 50,733-C, 50,731-C, 50,734-C

HONORABLE PATRICK PIRTLE, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Johnny Joe Flores appeals from the trial court's judgments in five companion cases, convicting him of aggravated sexual assault of a child, sexual assault of a child and indecency with a child by sexual contact. The jury assessed punishment at eighty-five years for the aggravated sexual assault case, and twenty years each for the two sexual assault cases and the two indecency cases. By his sole issue on appeal, appellant

challenges the trial court's failure to exclude evidence of extraneous offenses. Because we find the evidence was properly admitted under the Rules of Evidence and the Code of Criminal Procedure, we affirm the trial court's judgments.

By five April 2005 indictments, appellant was charged with aggravated sexual assault of a child,[1] sexual assault of a child,[2] and indecency with a child by sexual contact.[3] On appellant's plea of not guilty, the five charges were tried together.

## Factual and Procedural Background

At trial, the State presented evidence to show that appellant engaged in sexual contact with his three great-nephews, D.A., S.A. and F.A. Each of the victims testified. They described multiple instances of similar sexual contact, some of them occurring on dates other than those set forth in the indictments.[4] Appellant objected to testimony of the extraneous acts. The trial court overruled appellant's objections, finding the evidence more probative than prejudicial and admissible as bearing on relevant matters including the previous and subsequent relationship between appellant and the children.

---

[1] *See* Tex. Penal Code Ann. § 22.021(a)(2)(B) (Vernon 2003).

[2] *See* Tex. Penal Code Ann. § 22.021(a)(2) (Vernon 2003).

[3] *See* Tex. Penal Code Ann. § 21.11(a)(1) (Vernon 2003).

[4] The State provided appellant with notice of the extraneous conduct evidence pursuant to Texas Rule of Evidence 404(b) and Texas Code of Criminal Procedure Article 38.37. Appellant does not challenge the State's notice.

Following presentation of the evidence, the jury returned a verdict of guilt as alleged in each of the five indictments. The jury then heard punishment evidence and assessed punishment at eighty-five years for the aggravated sexual assault case, and twenty years each for the two sexual assault cases and the two indecency cases. The court sentenced appellant accordingly, ordering the sentences to run concurrently. This appeal followed.

Analysis

Appellant contends, through one point of error, that the trial court erred in allowing the State to introduce evidence of appellant's extraneous conduct because it fell outside the parameters of article 38.37 of the Code of Criminal Procedure or any exception under Texas Rule of Evidence 404(b).[5] Specifically, appellant contends the State failed to show the relevance of the extraneous conduct evidence.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Montgomery v. State,* 810 S.W.2d 372, 390 (Tex.Crim.App. 1990) (op. on reh'g). Accordingly, we will not reverse a trial court's ruling if it is within the "zone of reasonable disagreement." *Id.* at 391.

On appeal, the State contends first that the testimony of which appellant apparently complains referred to conduct like that alleged in the indictments and was not actually extraneous offense evidence, and second that the testimony was not improperly admitted

---

[5]*See* Tex. Code Crim. Proc. Ann. art. 38.37 (Vernon 2005); Tex. R. Evid. 404(b).

even if it constituted evidence of extraneous offenses.  We agree with both the State's contentions.

Because the trial court treated the objected-to testimony as evidence of extraneous offenses, we address that theory first.  If the evidence of which appellant complains was extraneous offense evidence, we find no error in its admission.  Article 38.37 of the Code of Criminal Procedure applies to prosecutions for sexual offenses committed against a child under seventeen years of age.  Tex. Code Crim. Proc. Ann. art. 38.37, § 1 (Vernon 2005).  Article 38.37 provides in part:

> Notwithstanding Rule 404 and 405, Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child.

It is undisputed appellant was on trial for crimes enumerated in section one of article 38.37 and that each of the victims was under the age of 17.  The challenged testimony by the victims involved evidence of other crimes, wrongs, or acts committed by appellant against them near the dates alleged in the indictments.[6]  Under the statutory provision, we find their testimony was relevant to show appellant's state of mind and the previous and subsequent relationship between appellant and his three great-nephews. *See DeLeon v. State*, 77 S.W.3d 300, 311 (Tex.App.–Austin 2001, pet. ref'd); *McCoy v. State,* 10 S.W.3d

---

[6] D.A. testified appellant had sexual contact with him about "five more times."  S.A., while confused about specific dates, testified that appellant had sexual contact with him "more than three times."  F.A. testified that appellant had sexual contact with him at least two times.

4

50, 54 (Tex.App.–Amarillo 1999, no pet.); *Hinds v. State,* 970 S.W.2d 33, 35 (Tex.App.–Dallas 1998, no pet.). *See also Smith v. State*, 5 S.W.3d 673, 678 n.10 (Tex.Crim.App. 1999) (contrasting language of article 38.37 with that of article 38.36(a)); *Hinojosa v. State,* 995 S.W.2d 955, 957 (Tex.App.–Houston [14th Dist.] 1999, no pet.) (finding testimony concerning 520 extraneous acts against child were relevant to show the state of mind of appellant and child and the previous and subsequent relationship between appellant and child; evidence was relevant and did not violate rules 401 or 402).

We also find, however, that the trial court was not required to treat the testimony as presenting evidence of extraneous offenses. The testimony of which appellant apparently complains consists of instances of conduct purportedly outside the acts alleged in the indictment. However, each of the encounters testified to by each of the victims involved conduct like that alleged in the indictments. An extraneous offense is any act of misconduct, whether resulting in prosecution or not, which is not shown in the charging instrument and which was to have been committed by the accused. *Brown v. State,* 6 S.W.3d 571, 575 (Tex.App.–Tyler 1999, no pet.), *citing Hernandez v. State,* 817 S.W.2d 744, 746 (Tex.App.–Houston [1st Dist.] 1991, no pet.). It is permissible for the State to present evidence of multiple occurrences of the acts alleged in the indictment, even if the evidence shows that such acts were committed on different dates from the dates shown in the indictment. *Id.*

Thus, like the court in *Brown,* we find *Vernon v. State,* 841 S.W.2d 407 (Tex.Crim.App. 1992), on which appellant relies, distinguishable. *Brown,* 6 S.W.3d at 575-76. Here, the five indictments charged appellant with causing the anus of F.A. to contact the sexual organ of appellant, causing the sexual organ of appellant to penetrate the anus of F.A., causing the penetration of the anus of D.A. by the sexual organ of appellant, causing the anus of D.A. to contact the sexual organ of appellant, causing penetration of the mouth of D.A. by the appellant's sexual organ, causing the mouth of D.A. to contact the sexual organ of appellant, engaging in sexual contact with D.A. by touching the genitals of D.A., and engaging in sexual contact with S.A. by touching the genitals of S.A. The acts testified to by the victims during trial were multiple instances of this behavior on different dates. D.A. testified "they would always be the same things." In *Vernon*, because the indictment charged the accused with digital penetration, not the prior acts of external touching, those instances were extraneous.[7] We thus find appellant's reliance on *Vernon* misplaced. *See Holmes v. State*, No. 05-03-00915-CR, 2004 WL 2804800 (Tex.App.–Dallas Nov. 30, 2004, no pet.) (mem. op., not designated for publication) (applying *Brown*); *Wilson v. State*, No. 06-00-00008-CR, 2002 WL 992108 (Tex.App.–Texarkana May 16, 2002, no pet.) (mem. op., not designated for publication) (distinguishing *Brown* and *Vernon*).

---

[7] The prior acts were described more fully in the opinion of the court of appeals. *Vernon v. State,* 814 S.W.2d 845 (Tex.App.–Fort Worth 1991), *rev'd,* 841 S.W.2d 407 (Tex.Crim.App. 1992).

Lastly, appellant appears to advance a challenge under Rule of Evidence 403. We find no abuse of discretion in the trial court's evaluation of the balance between the probative and prejudicial natures of the challenged testimony. The challenged testimony involved acts of the same nature as the charged offenses and was heard during the victims' testimony regarding the charged offenses. *See Montgomery*, 810 S.W.2d at 390 (outlining factors for Rule 403 analysis). The State's need for the evidence, like that noted by this Court in *McCoy,* 10 S.W.3d at 54, is difficult to assess empirically, but its prejudicial effects did not substantially exceed its probative value.

We overrule appellant's issue, and affirm the trial court's judgment in each of the five causes.

James T. Campbell
Justice

Do not publish.