**Affirmed and Opinion Filed July 7, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00958-CR

**PAUL SCOTT BENEDICT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-80107-2015**

## MEMORANDUM OPINION

Before Justices Myers, Stoddart, and Whitehill
Opinion by Justice Whitehill

This aggravated sexual assault and indecency with a child case turns on whether the trial court erred in (i) admitting evidence that appellant gave the victim sex toy gifts at her sixteenth birthday party because the evidence was more prejudicial than probative, and (ii) allowing the State's expert to testify when the State failed to give appellant the statutorily required notice. Appellant further asserts that the cumulative effect of these errors was harmful.

As discussed below, we conclude that the trial court did not abuse its discretion in deciding that the sex gift evidence was relevant and its probative value was not outweighed by the danger of unfair prejudice.

We further conclude that the trial court did not abuse its discretion by admitting the expert testimony because there was no court order requiring disclosure and appellant did not seek

a continuance. Moreover, the State verbally told appellant's counsel about its witness list and defense counsel was well familiar with the expert.

Finally, because there was no abuse of discretion, there was no cumulative error.

We thus affirm the trial court's judgment.

## I. Background

Appellant married SL's mother when SL was ten years old. SL thought of appellant as her step-father.

When SL was thirteen, appellant came into her bedroom while she was sleeping and rubbed her back and legs. He then stuck his hand in her underwear, rubbed her clitoris, and attempted to put his finger in her vagina.

When SL was fourteen, she made a statement to her drill team coach that led to a CPS investigation of abuse. But SL made no sexual abuse claims in the forensic interview, and the police did not pursue the investigation.

SL had a pool party at her home for her sixteenth birthday. One of her friends brought her a penis-shaped piñata as a gag gift. While her friends were present, appellant gave SL a dragon statue with an erect penis, a purple dildo, a neon green vibrator, and massage oils. Appellant also offered to show SL how to use these things.

Also when she was sixteen and her mother was out of town, appellant asked SL if she was a virgin and offered to take her virginity from her. He told SL he would be gentle and not hurt her. Later, he called her into the bedroom where he was completely naked. He bragged about his penis size, being only partially erect. Appellant asked SL to touch his penis, and when she did, he told her she should "finish him off" because she had gotten him "all riled up." SL left the room.

Several years later, in April 2013, appellant and SL's mother were involved in a contentious divorce. Two months later, SL made her outcry against appellant. Appellant was charged with aggravated sexual assault of a child, two counts of indecency with a child by contact, and one count of indecency with a child by exposure.

SL was twenty-eight years old at the time of trial. The jury found appellant guilty of aggravated sexual assault, one count of indecency by contact, and one count of indecency by exposure. It then assessed punishment at five years' imprisonment on the aggravated sexual assault charge and two years on each of the indecency charges.

## II. Analysis

**A.     First issue:  Did the trial court abuse its discretion by admitting evidence that appellant gave the victim sex toy gifts and offered to show her how to use them?**

Appellant's first issue asserts that the trial court erred by admitting evidence that he gave SL sex toy gifts on her sixteenth birthday and offered to show her how to use them. According to appellant, under TEX. R. EVID. 403, the probative value of this evidence was outweighed by the danger of unfair prejudice, and the trial court abused its discretion by admitting this evidence without first conducting a rule 403 probative/prejudice balancing test.[1]

### 1.     Standard of review and applicable law

We review a trial court's ruling on the admission of evidence for an abuse of discretion. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). When considering a trial court's decision to admit evidence, we will not reverse the trial court's ruling unless it falls

---

[1] At trial, appellant objected to the admission of the evidence based on rules 403 and 404(b). But on appeal he advances only the rule 403 argument.

outside the "zone of reasonable disagreement." *Green v. State*, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996).

Rule 403 provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or needless presentation of cumulative evidence.

TEX. R. EVID. 403.

Rule 403 creates a presumption that relevant evidence will be more probative than prejudicial. *Hernandez v. State*, 390 S.W.3d 310, 323 (Tex. Crim. App. 2012). All evidence is prejudicial to one party or the other; thus it is only when there is a clear disparity between the degree of prejudice and the probative value that rule 403 is applicable. *Id*. at 324.

When a party objects to evidence under rule 403, a trial court must perform a balancing test to determine if the evidence's probative value is substantially outweighed by its prejudicial effect. *See* TEX. R. EVID. 403.

In conducting a rule 403 analysis, a trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App 2006) (identifying factors to be balanced under rule 403 but recognizing "these factors may well blend together in practice"); *see also Hernandez,* 390 S.W.3d at 324. We should reverse the trial court's balancing determination

–4–

"rarely and only after a clear abuse of discretion." *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999).

### 2. Did the trial court not perform a balancing test?

Appellant complains that there is no indication on the record that the trial court performed the required balancing test. But the trial court is not required to place the results of its balancing test on the record. *Williams v. State*, 958 S.W.2d 186, 195-96 (Tex. Crim. App. 1997). Rather, unless the record indicates otherwise, the trial court is presumed to engage in the required balancing test once a party objects on the ground of Rule 403 and the trial court rules on the objection. *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998); *Hinds v. State,* 970 S.W.2d 33, 35 (Tex. App.—Dallas 1998, no pet.). Absent an explicit refusal to conduct the balancing test, we presume the trial court conducted the test when it overruled the objection. *Rodriguez v. State*, No. 05-14-01225-CR, 2015 WL 8729283, at *5 (Tex. App.—Dallas Dec. 11, 2015, no pet.).

Because there is no indicated refusal to conduct the balancing test here, we presume the trial judge conducted the test when he overruled the objection.

### 3. Did the evidence's probative value outweigh the danger of unfair prejudice?

Regarding the first two *Gigliobianco* factors, we conclude that the evidence's inherent probative force was strong. Appellant's defensive theory was that SL fabricated the allegations against him because of the contentious divorce between appellant and SL's mother. Evidence that appellant gave SL sex toys as a gift and told her he would show her how to use them was probative of whether SL's allegations occurred as claimed because the evidence tended to show appellant's sexual thoughts toward SL, which went to whether she was fabricating her testimony about his conduct.

Appellant contends that there is no nexus between the evidence and the alleged crime because he was accused of inappropriately touching SL, not using a sex toy. He also claims that the State did not demonstrate a need for the evidence. We disagree. Evidence that appellant gave a sixteen year old girl sex toys for her birthday provides context for the relationship between the two, and is probative of appellant's intent.

As to the third factor, nothing in the record indicates that admitting this evidence would be so inherently inflammatory that it would tend to elicit an emotional response and impress a jury in some "irrational and indelible way," or "lure the factfinder into declaring guilt on a ground different from proof specific to the offense[s] charged." *See Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Appellant next argues that the evidence had a tendency to distract the jury from the main issues—inappropriate touching and exposure. He also states that giving a girl sex toys is not a crime. While the latter may be true, it indicates the nature of the relationship between appellant and SL. Appellant gave SL the sex toys and offered to show her how to use them near the time he asked SL if she was a virgin and offered to take her virginity from her, and then called her into his bedroom when he was naked and partially erect. The evidence was contextual, not irrational. Thus, this factor supports admitting the evidence.

Regarding the fourth and sixth factors, we have already concluded that the evidence was probative of a consequential fact—whether SL fabricated her complaints about appellant. Because of the evidence's probative and straightforward nature, it likely would not confuse or distract the jury. Moreover, the State did not spend an inordinate amount of time developing the evidence. Testimony about the sex toys consisted of (i) brief testimony from SL and a friend who attended SL's birthday party, and (ii) testimony from Dr. Powers, the Collin County Children's Advocacy Center clinical director, who said that giving a sixteen or seventeen year

old girl sex toy gifts was grooming (which refers to a sex offender testing the waters and breaking down boundaries so as to not get caught). And while eighteen pages of the record are devoted to the State's closing argument, only one and a half pages discuss the complained-of evidence. This is not excessive given the evidence's probative value.

Finally, as to the fifth factor, the danger of a jury giving the evidence undue weight by a jury ill equipped to assess it, the disputed evidence here was not prone to this tendency, as it pertained to matters that a jury could easily understand. Although appellant complains that a reasonable jury would give this evidence much weight, there is no indication that the evidence was taken out of context. Thus, this factor supports admitting the evidence.

For the above reasons, the rule 403 factors weigh in favor of admitting the evidence. Thus, we do not conclude the trial court abused its discretion by determining the probative value of the evidence was not substantially outweighed by any risk of unfair prejudice in admitting the evidence. *See De La Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009). Accordingly, we overrule appellant's first issue.

**B.** **Second Issue: Was it error to allow the State's expert to testify?**

Appellant's second issue argues that the trial court erred by allowing the State to call Dr. Powers as an expert because he was not timely disclosed as required by TEX. CODE CRIM. PROC. ANN. art. 39.14(b). We disagree.

We review a judge's decision to admit or exclude expert testimony for an abuse of discretion. *Sexton v. State*, 93 S.W.3d 96, 99 (Tex. Crim. App. 2002).

The prior version of code of criminal procedure Article 39.14(b), which applies to this case because the crime was committed before the current version's September 1, 2015 effective date, allowed a trial court to order the State to list its experts upon request:

> On motion of a party and on notice to the other parties, the court in which an action is pending may order one or more of the other parties to disclose to the

party making the motion the name and address of each person the other party may use at trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence. The court shall specify in the order the time and manner in which the other party must make the disclosure to the moving party, but in specifying the time in which the other party shall make disclosure the court shall require the other party to make the disclosure not later than the 20th day before the date the trial begins.

TEX. CODE CRIM. PROC. ANN. art. 39.14(b).

Appellant filed a discovery motion requesting disclosure of the State's witnesses. During trial, in a hearing outside the jury's presence, appellant objected to the State calling Dr. Powers as a witness because "the State did not provide 21 days' notice." Defense counsel argued that allowing the testimony was "unfair" and "doesn't follow the rules of evidence." Counsel further argued, "And if its denied, the Defense would have to move for a continuance." The State responded that it had provided defense counsel with verbal notice of its witness list.

> The trial court overruled the objection, stating:
>
> Having worked with the attorneys on each side in the past, I feel confident that both sides were completely open and up front with each other in disclosing witnesses in advance. I don't have any doubt what anyone is telling me. So I am going to allow Mr. Powers to testify.
>
> If after his testimony the Defense needs time to -- needs a continuance to prepare, if there's something in there that comes as a surprise and need time to prepare the response or prepare for cross-examination, I will give you as much time as you -- well, as much time within reason that you ask for.
>
> And what I will do is at the end of his direct examination, if you wish -- I will give you a running objection to it. At the end of his direct examination, if you wish more time to prepare, ask to approach the bench. If you don't ask to approach the bench, I'll assume that there were no surprises that would require further time to prepare.

After Dr. Powers testified on direct examination, appellant's counsel declined to cross-examine him, and did not request a continuance or any additional time to prepare.

Relying on *Francis v. State*, 428 S.W.3d 850, 854–55 (Tex. Crim. App. 2014) and *Walker v. State*, 321 S.W.3d 18, 22 (Tex. App.—Houston [1st Dist.] 2009, pet. dism'd), appellant focuses his analysis on whether the prosecutor's failure to provide written disclosure

–8–

was willful. These cases, however, involve violations of a written discovery order. Here, however, appellant filed a motion for discovery, but the record does not include an order granting appellant's request.[2] Thus, there was no article 39.14(b) order to violate.

Furthermore, sometime during the week before trial the State told appellant's counsel that Dr. Powers would testify, so appellant was not surprised. Indeed, the trial judge told counsel she could request additional time if she was surprised. Counsel said she was familiar with Dr. Powers from other cases, and never indicated that she was surprised by his general testimony about child sexual abuse.

Under these circumstances, the trial court did not abuse its discretion in allowing Dr. Powers to testify. *See Chamberlain v. State*, No. 05-13-01213-CR, 2015 WL 3413543, at *9 (Tex. App.—Dallas May 27, 2015, pet. ref'd) (mem. op.).

Additionally, any error in allowing an undisclosed witness to testify over a claim of no notice is forfeited by a defendant who does not move for a continuance. *See Sanders v. State*, No. 05-12-01186-CR, 2014 WL 1627320, at *3 (Tex. App.—Dallas April 23, 2014 pet. ref'd) (mem. op.); *Cantu v. State*, No. 13-14-00014-CR, 2014 WL 3889108, at * 4 (Tex. App.—Corpus Christi Aug. 7, 2014, no pet.) (mem. op.). Appellant did not move for a continuance here.

Because there was no written discovery order to violate and no surprise, and because appellant did not request a continuance, we cannot conclude the trial court abused its discretion by allowing Dr. Powers to testify. We thus overrule appellant's second issue.

## C. Cumulative error.

Because we have concluded there was no error under either issue, it follows that there was no cumulative error. Accordingly, we resolve appellant's third issue against him.

---

[2] The only order in the record is an order granting disclosure of Brady materials, which rules on a different motion.

### III.  Conclusion

For the above reasons, we affirm the trial court's judgment.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150958F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PAUL SCOTT BENEDICT, Appellant

No. 05-15-00958-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-80107-2015.
Opinion delivered by Justice Whitehill.
Justices Myers and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 7, 2016.