**Orville Lee McCOY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–99–0040–CR.**

Court of Appeals of Texas, Amarillo.

Nov. 29, 1999.

C. R. Daffern, Amarillo, for appellant.

Rebecca King, Dist. Atty., Melinda Mayo, Asst. Dist. Atty., Amarillo, for appellee.

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

JOHN T. BOYD, Chief Justice.

Asserting in one issue that the trial court erred in the guilt or innocence phase of his trial, appellant Orville Lee McCoy seeks reversal of his conviction of aggravated sexual assault of a child. His punishment was assessed by the trial jury at life imprisonment and a $10,000 fine. Disagreeing that the trial court reversibly erred in its rulings, we affirm the judgment of the trial court.

Appellant had a longstanding relationship with the parents of the victim, M___V___, who was 11 at the time of the events giving rise to this prosecution. Appellant often served as a babysitter for the victim, his younger sister S___, D___ W___ and S___ W___. The evidence which appellant argues was erroneously admitted was that 1) appellant had sexually abused the victim on prior occasions over a period of years, 2) appellant had forced the victim to perform oral sex, 3) appellant had held a gun to the victim's head, and 4) appellant had sexually abused the victim's younger sister S___.

As to each item of evidence, appellant advanced an objection that its admission would violate Rules 401, 402, 403, 404(b), and 405 of the Texas Rules of Evidence.[1] Rule 401 simply defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action

---

1. Later references to rule numbers are to the Texas Rules of Evidence, unless otherwise specifically designated.

more probable or less probable than it would be without the evidence." Rule 402 provides that all relevant evidence is admissible "except as otherwise provided by Constitution, by statute, by these rules, or by other rules prescribed pursuant to statutory authority." It also provides that evidence which is not relevant is not admissible.

■ Rule 403 provides that otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, undue delay or needless presentation of cumulative evidence. Rule 404(b) specifically addresses evidence of crimes, wrongs, or acts other than the conduct on which the prosecution is based and provides that such evidence may not be admitted to prove a person's character or that they acted in conformity with their character, but that it may be admissible for other purposes. The rule provides a non-exclusive list of permissible purposes including motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■ In the seminal case of *Montgomery v. State*, 810 S.W.2d 372 (Tex.Crim. App.1990), the Court of Criminal Appeals extensively discussed the relationship between Rules 403 and 404(b). In doing so, it explained that to properly preserve complaints of the nature made here, an objection under Rule 404(b) must first be made that the evidence is not relevant beyond its tendency to show character or show conduct in conformity therewith. *Id.* at 387. If, however, the evidence is relevant beyond the proscribed purposes, it is admissible under that rule. A trial court should honor any request by the opponent to obtain a statement by the proponent of the purpose for which it is tendered. *Id.* Even so, evidence admissible under Rule 404(b) may still be excluded under Rule 403 if an additional objection is made that its probative value is substantially outweighed by its danger of unfair prejudice. *Id.*

■ The *Montgomery* court also explicated factors that may be considered in weighing the probative value of the evidence against the danger of unfair prejudice. *Id.* at 389–90. Included among those factors is the similarity of the extraneous conduct to the charged offense, the strength of the proponent's evidence of the extraneous conduct, the proponent's need for the evidence, and the evidence's probable effect on the jury. *Id.* As with a trial court's resolution of a Rule 404(b) challenge, in the absence of a specific request, the failure of the trial court to state its basis for overruling a Rule 403 objection is not error. *Jones v. State,* 982 S.W.2d 386, 395 (Tex.Crim.App.1998). Rule 405 merely delineates the manner by which admissible character or character trait evidence may be proven. In this case, appellant did not advance the objections by rule number individually in turn, but included them all in the same objection.

In support of its position that no error is shown, the State now invokes the benefit of article 38.37 of the Code of Criminal Procedure, although it did not do so at trial. Article 38.37 specifically addresses proof of extraneous offenses or acts in a prosecution for several enumerated sexual and assaultive offenses. The statute provides that "notwithstanding Rules 404 and 405" of the Rules of Evidence, evidence of other crimes, wrongs, or acts by a defendant against the child who is the victim of an alleged offense "shall be admitted" for its bearing on matters such as the state of mind of the defendant and the child, and their previous and subsequent relationship. Tex.Code Crim. Proc. Ann. art. 38.37, § 2 (Vernon Pamph.2000). The statute does provide that upon "timely request," the State must give notice of its intent to introduce such evidence. In this case, no such request for notice was made, and no notice given by the State specified that it was given to comply with article 38.37. However, the State did give notice of its intent to use evidence of other acts in response to a Rule 404(b) request. We

now move to consider the admissibility of the various contested items of evidence measured by the applicable law.

■ Appellant's first challenge is directed to the testimony of Debbie Lancaster, an investigator for the Department of Protective and Regulatory Services and Christine Vecchi, a sexual assault nurse examiner who examined M___ on two occasions. Both of these witnesses testified that the victim told them that appellant had sexually abused him on several occasions. M___ also testified to the same events. Relying on the holding in *Mayes v. State*, 816 S.W.2d 79, 88 (Tex.Crim.App.1991), that evidence offered as "background" to assist the jury in understanding the offense is not a permissible purpose under Rule 404(b), appellant argues the admission of this evidence was error. However, *Mayes* was decided prior to the adoption of article 38.37 of the Code of Criminal Procedure. Evidence of the type appellant challenges here clearly falls within the purview of article 38.37 as relevant to the previous relationship between appellant and the child victim. The fact that the benefit of the statute was not specifically invoked by the State at trial does not prevent it from being applicable in our consideration of the challenge before us. The statute's provision authorizing the admission of the evidence in question is dispositive of appellant's Rule 402, 404(b) and 405 challenges. However, because appellant also raised a Rule 403 challenge, we must review whether the trial court's determination that the probative value of the evidence was not outweighed by its unfair prejudicial effect. *Ernst v. State*, 971 S.W.2d 698, 700 (Tex. App.—Austin 1998, no pet.).

■ In pursuance of his Rule 403 challenge, appellant argues "the only reason the State wanted the extraneous offenses in this case was to show that [appellant] was a child molester." The State responds that "the court restricted the admissibility to only those acts that fall under [article] 38.37 and found their admissibility was not outweighed by its prejudicial effect, there-

by applying the Rule 403 balancing act." In its charge to the jury, the trial court also instructed them as to the permissible uses of any evidence of extraneous acts. An examination of the challenged evidence, and weighing its admissibility under the factors suggested by the *Montgomery* court, convinces us that the trial court did not abuse its discretion in admitting the evidence. First, the prior acts were of the same nature as the charged offense. The State's need for the evidence is difficult to assess empirically, but it would be reasonable to conclude that the evidence of the prior assaults was justified in response to appellant's position that the only sexual assault M___ suffered was in a residential treatment facility at the hands of another resident and there was no physical evidence of an assault at a medical examination after the allegation against appellant but before M___ was admitted to the treatment facility. Because the conduct was so similar to the conduct charged, the trial court could reasonably conclude that its probable prejudicial effect was exceeded by its probative value in assessing appellant's defense.

■ Additionally, any complaint concerning the admission was waived by appellant's failure to object to the same or similar evidence admitted at another point in the trial. *See Massey v. State*, 933 S.W.2d 141, 149 (Tex.Crim.App.1996); *Mayes v. State*, 816 S.W.2d at 88. In this case, the victim testified on direct examination, without objection, that appellant anally raped him and molested the other children for whom appellant babysat on more than one occasion. Upon cross-examination, the defense also referred to and explored the same evidence. Appellant's failure to object at trial to this similar evidence negated any error which might have occurred because of the admission of the testimony in question. Parenthetically, although there was some discussion during submission of this case about a partial continuing objection to testimony of this type, there is nothing in the record

indicating any such objection was granted by the trial court and, indeed, appellant makes no such contention in his brief.

 The same analysis is also applicable to appellant's challenge to the admission of evidence that appellant forced M___ to perform oral sex. That conduct also falls within the ambit of article 38.37 § 2(2). Because it occurred during the same sequence of events as the charged offense, it was relevant to the jury's understanding of the events. Appellant advances no argument why this evidence was any more prejudicial than the testimony we have just discussed about the victim's anal penetration by appellant. Additionally, similar evidence was admitted elsewhere without objection. Psychiatrist Robin Moir testified, without objection, about the victim's statement to him that appellant made him perform fellatio upon appellant.

 The third item of evidence about which appellant complains is the testimony by the victim's therapist that the victim reported that appellant had held a gun to the victim's head. Appellant first made a general objection that "under 401, 402, 403, 404, 405, it being extraneous." However, after this blanket objection was overruled, when appellant specifically objected to its relevance, the objection was sustained. Although Rule of Appellate Procedure 33.1(a) only mentions the obtaining of a ruling on an objection in its enumeration of the steps necessary to preserve an appellate complaint, our courts have held that the ruling must be adverse. *See, e.g., Tucker v. State,* 990 S.W.2d 261, 262 (Tex. Crim.App.1999). Because the trial court sustained his objection and no request was made that the jury be instructed to disregard the statement, appellant obtained all the relief he requested and he may not now complain on appeal.

 Appellant's fourth and final challenge to the evidence is to Dr. Moir's testimony, which appellant describes as evidence of appellant's sexual abuse of M___'s sister S___. However, an examination of Moir's testimony does not support that characterization. In responding to a question concerning the factors leading up to M___'s depression, Moir related that M___ "describe[d] that he had been removed from the home, based on uh—a report that his sister had made about being sexually abused by...." At that point, appellant made a non-specific objection which was overruled. Assuming the trial court understood appellant's objection to be the same as his challenges to the other evidence, several factors support the conclusion that the trial court did not abuse its discretion in admitting the evidence. First, Moir only testified to an allegation of abuse and did not state or suggest that the allegation was true. Second, the State did not seek to elicit the statement, it arose during the doctor's description of the events and factors contributing to M___'s psychological condition. Third, M___'s testimony, given without objection, put similar evidence before the jury by suggesting sexual assaults on the other children for whom appellant babysat. For example, M___'s specific testimony was "he would, like, put his penis in *our* bottoms." For these reasons we find no error in the admission of this testimony and appellant's issue is overruled.

In final summary, because the record fails to show reversible error on the part of the trial court, we overrule appellant's issue. Accordingly, the judgment of the trial court must be, and is, affirmed.