RICHIE V STATE



NO. 07-01-0434-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 21, 2002


______________________________



ANTONE RICHIE




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 180th DISTRICT COURT OF HARRIS COUNTY;



NO. 857,643; HON. LARRY FULLER, PRESIDING


_______________________________



ABATEMENT AND REMAND


_______________________________



Before BOYD, C.J. QUINN, and REAVIS, JJ

 Antone Richie appealed, on May 24, 2001, his conviction for delivery of a controlled
substance. Eventually, the clerk's record was filed October 17, 2001 and the reporter's
record on November 27, 2001. These circumstances, when applied to the pertinent rule
of appellate procedure, required that appellant file his brief by December 27, 2001. He did
not. On January 9, 2002, we informed appellant, by letter, of the December 27th deadline
and directed him to explain why he did not comply with same. So too did we inform him
that the cause would be abated pursuant to Texas Rule of Appellate Procedure 38.8(b) if
such a response was not forthcoming within ten days. The response received consisted
of a motion to extend the deadline. Same was granted, and the deadline was extended
to February 13, 2002. Like its predecessor, that date also lapsed without appellant
complying with same or otherwise contacting the court and explaining why his brief had
not been filed.

 Consequently, we abate this appeal and remand the cause to the 180th District
Court of Harris County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be served upon the parties and, thereafter,
conduct a hearing to determine the following:

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent; and,


 whether appellant has been denied the effective assistance of counsel due
to counsel's failure to timely file a brief. See Evitts v. Lucey, 469 U.S. 387,
394, 105 S. Ct. 830, 834-35, 83 L. Ed. 2d 821, 828 (1985) (holding that an
indigent defendant is entitled to the effective assistance of counsel on the
first appeal as of right and that counsel must be available to assist in
preparing and submitting an appellate brief). 


 The trial court is further ordered to execute findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, and was denied effective assistance of counsel, then we
also direct it to appoint new counsel to assist appellant in the prosecution of the appeal. 
The name, address, phone number, telefax number, and state bar number of the new
counsel appointed to represent appellant must also be included in the court's findings of
fact and conclusions of law. Furthermore, the trial court shall also cause to be developed
1) a supplemental clerk's record containing the findings of fact and conclusions of law, and
2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record and reporter's record to be filed with the clerk of this court on or before March 25,
2002. Should additional time be needed to perform these tasks, the trial court may request
same on or before March 25, 2002.

 It is so ordered.

 Per Curiam



Do not publish.

 



t relevant under Texas
Rule of Evidence 402. (1) Further, if the evidence was relevant it was inadmissible under
Rule 404(b). Rule 404(b) states that:

 

 Evidence of other crimes, wrongs or acts is not admissible to prove the
character of a person in order to show the person acted in conformity
therewith . . . .


Appellant posits that the evidence regarding the use and sale of marijuana served no other
purpose than to show that appellant was a bad person. Accordingly, it was not admissible
and the admission was harmful. 

 However, appellant's discussion of this evidentiary issue does not include the
admissibility of this evidence pursuant to article 38.37 of the Texas Code of Criminal
Procedure. This statute applies to prosecutions for sexual offenses committed against
children under 17 years of age. See Tex. Code Crim. Proc. Ann. art. 38.37 § 1 (Vernon
Supp. 2006). The statute also provides that,

 Not withstanding Rules 404 and 405, Texas Rules of Evidence, evidence of
other crimes, wrongs, or acts committed by the defendant against the child
who is the victim of the alleged offense shall be admitted for its bearing on
relevant matters, including;

 (1) the state of mind of the defendant and the child; and

 (2) the previous and subsequent relationship between the
defendant and the child.


Tex. Code Crim. Proc. Ann. art 38.37 § 2 (Vernon Supp. 2006).


 Given the statutory language, the evidence of the use and sale of marijuana was 
relevant and admissible to demonstrate the attempt by appellant to cultivate a relationship
with the minor. As such, this evidence goes directly to the state of mind of appellant and
the minor. See O'Canas v. State, 140 S.W.3d 695, 698 (Tex.App.-Dallas 2003, pet.
ref'd.); McCoy v. State, 10 S.W.3d 50, 54 (Tex.App.-Amarillo 1999, no pet.). 

 However, the appellant further alleges that, even if the evidence is relevant and
admissible, the trial court committed further error by allowing the jury to hear the testimony
in the face of a Rule 403 objection about the prejudicial effect of that evidence. Under
appellant's theory, the admission of the evidence was harmful because the sole result of
the admission was to make him out as a drug dealer without adding anything probative to
the trial. 

 For purposes of appellant's contention, the applicable portion of Rule 403 provides
that relevant evidence may still be excluded if the probative value of the evidence is
substantially outweighed by the danger of unfair prejudice. In making a Rule 403
determination of probative value and unfair prejudice, there are four areas of inquiry: (1)
how compelling the extraneous offense evidence serves to make a fact of consequence
more or less probable - a factor which is related to the strength of the evidence presented
by the proponent to show the defendant in fact committed the extraneous offense; (2) the
potential the other offense evidence has to impress the jury "in some irrational but
nevertheless indelible way"; (3) the time the proponent will need to develop the evidence,
during which the jury will be distracted from consideration of the indicted offense; and (4)
the force of the proponent's need for this evidence to prove a fact of consequence, that is,
does the proponent have other evidence available to him to help establish this fact, and
is this fact related to an issue in dispute. Wyatt v. State, 23 S.W.3d 18, 26 (Tex.Crim.App.
2000). After this determination, a reviewing court should only reverse in cases of a clear
abuse of discretion. Id.

 The evidence complained of went to show the relationship that existed between
M.A.F. and appellant prior to the sexual assault. It tended to demonstrate the attempts of
appellant to "groom" M.A.F. for the assault. See generally Hernandez v. State, 973 S.W.2d
787, 790 (Tex.App.-Austin 1998, pet. ref'd). The proof of the extraneous offense, through
the testimony of M.A.F., was relatively clear and definitive about the facts of the offense. 
It took only a few moments of M.A.F.'s testimony to present the evidence and it was in fact
presented as part of the chronological order of events. Accordingly, there was little chance
that this evidence distracted the jury from the consideration of the indicted offense. It is
true that possession and distribution of marijuana carry with it some emotional baggage;
however, it is not such as will impress the jury in some irrational manner, more so when the
manner of presentation of the evidence is considered. The State's need for the evidence
might be considered slight, especially in light of appellant's confession, however, the State
is entitled to present the surrounding facts and circumstances of the indicted offense. This
was the only evidence at the State's disposal to show the previous relationship between
the victim and appellant or to shed light on the state of mind of appellant. See Tex. Code
Crim. Proc. Ann. art. 38.37 § 1 (Vernon Supp. 2006). Accordingly, we hold that the
admission of the extraneous offense evidence was not a clear abuse of discretion and
appellant's contention is overruled. (2)


Previous Imprisonment


 Appellant next contends that the trial court erred when it allowed his statement to
be published to the jury without redacting the following phrase, "since I got out of prison." 
Appellant's trial objection was pursuant to Rule 403. However, appellant's brief only refers
to Rule 403 in stating what the trial objection was. There are no citations to authority and
no analysis upon which we are to base our decision on this matter, save a very conclusory
statement. Appellant has failed to brief this issue in conformity with the rules of appellate
procedure. Tex. R. App. P. 38.1(h). Accordingly, he has failed to present anything for
review. See Tufele v. State, 130 S.W.3d 267, 271 (Tex.App.-Houston [14th Dist.] 2004,
no pet. h.). 

Conclusion


 Having overruled appellant's contentions, we affirm the judgment of the trial court. 

 

 Mackey K. Hancock

 Justice






Do not publish. 

1. Further citation to Texas Rule of Evidence will be by "Rule ___".
2. We note that even if the court erred in admitting this evidence, the error was not
one that, in light of the entire record, had a substantial and injurious effect or influence in
determining the jury's verdict. Tex. R. App. P. 44.2(b); King v. State, 953 S.W.2d 266, 271
(Tex.Crim.App. 1997).