Opinion issued October 23, 2003



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00816-CR




ERNEST ELROY WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 40,190




MEMORANDUM OPINION

          A jury found appellant, Earnest Elroy Williams, guilty of the following
offenses and assessed the following punishments for those offenses: murder, 40
years; felon-in-possession of a firearm, 10 years; and deadly conduct, five years. 
Appellant brings a single point of error in which he complains about a comment made
by the trial court while reading the charge to the jury at the punishment stage. We
affirm.
Background
          During the guilt-innocence stage of the trial, the State stipulated that the victim
was the first aggressor who provoked a confrontation with appellant. In response to
the charges of murder and deadly conduct, appellant claimed he acted in self-defense. 
Appellant claimed necessity in response to the charge of felon-in-possession. The
charge submitted to the jury at the punishment stage was an agreed charge that
included a mitigating instruction on sudden passion. 
          While reading the charge to the jury, the trial court made the following remark
concerning the sudden-passion instruction: “That’s not familiar to me. Is that part
supposed to be there?” Appellant’s counsel responded “yes” and asked to approach
the bench. With the jury excused and the prosecutor and appellant’s counsel present,
the following discussion took place:
DEFENSE ATTORNEY: Very recent case out, Blue versus State,
which talks about comments by judges during the course of giving
instructions, these sorts of things. What you are about to read, Judge, is
the part that would have reduced this from first degree to second degree
murder. All right.
 
Specifically, our statute for sudden passion is by confinement for
a period of not more than 20 years or less than 2 years; and there is a
special issue that’s also included in this.
 
What I’m afraid is you just made a comment to the jury right
before reading this that you said, “Oh, I’m not really familiar with this.” 
That could be interpreted by the jury to mean that this is something you
really don’t know anything about and have some sort
of—unintentionally, you may have conveyed to them that this should
not be given the proper consideration before you, yourself, really don’t
know anything about it. I know it wasn’t intentional; but as we’ve
talked about before, sometimes it’s not what’s intentional. 
 
THE COURT: I just didn’t want to read something unless it was
supposed to be in the charge.
 
DEFENSE ATTORNEY: I understand that and it is—that’s what
I’m afraid when you made that comment. “I’m not familiar with this. 
Should this be in there,” that was an inadvertent comment that could be
misinterpreted by the jury.
 
THE COURT: Where is murder?
 
DEFENSE ATTORNEY: Judge, maybe what’s happened—I
don’t know about the last time you charged a murder time [sic]—
 
THE COURT: Long time.
 
DEFENSE ATTORNEY: Used to be that this issue was decided
in the guilt-innocence. Since recently, the special issue on sudden
passion has been changed to be decided on punishment.
 
THE COURT: Okay.
 
DEFENSE ATTORNEY: Boggles my mind, but that’s what the
rule is; and, so, I’m afraid when you made that comment, that it could
somehow in the juror’s mind—
 
THE COURT: Okay. Well, I’m not concerned about that. You
can make an objection to that, but I just—
 
DEFENSE ATTORNEY: Okay. I’m going to make an objection
for the record, and I think the Court should just—when the jury comes
back, say, “I need to start this all over” and just start over; and they
won’t even know what they missed.
 
THE COURT: That’s what I planned on doing.
 
DEFENSE ATTORNEY: Okay. 
. . . .
THE COURT: Okay. That looks fine and I’ll—I will start over.
 
DEFENSE ATTORNEY: Thank you.

          When the jury returned after this discussion, the trial court instructed the jurors,
“Okay. Ladies and gentlemen, I’m just going to start over.” Then trial court then
read the complete charge to the jury, starting at the beginning. The complete charge
included the following instruction:
During your deliberations you are instructed that you should not
consider the remarks, rulings or actions of the judge presiding during the
trial as any indication of the Court’s opinion as to the existence or
nonexistence of any fact or as an indication of the Court’s opinion as to
the punishment to be assessed against the defendant.

Analysis

          Appellant contends that the trial court’s comment was an improper comment
on the evidence, in violation of article 38.05 of the Code of Criminal Procedure. See
Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon 1979) (prohibiting trial judge from
commenting on weight of evidence or conveying opinion concerning case). 
Appellant contends that he preserved error by objecting to the trial court’s comment,
but alternatively contends that the magnitude of trial court’s error obviated any
requirement to object. See Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000)
(citing Tex. R. Evid. 103(d) (fundamental error in criminal cases)). 
Applicability of Blue
          In Blue, a divided Court of Criminal Appeals held that a trial court’s comments
at the beginning of the jury-selection process constituted fundamental error that
required no objection to preserve error for appeal because the comments “vitiated”
the defendant’s presumption of innocence before the venire. Blue, 41 S.W.3d at 132-33. We note, at the outset, that this case differs from Blue because the trial court’s
remark occurred at the sentencing stage, when the fundamental right to be presumed
innocent had expired, given the jury’s having already found appellant guilty of the
three charged offenses. Although a defendant is entitled to an impartial judge at
every stage of the trial, see id. at 138 (Keasler, J. concurring), “there will be few cases
where the judge’s statements when viewed objectively are so egregious as to render
him biased.” Id. 
          As excerpted above, the record demonstrates that the trial court’s question
derived from a momentary confusion concerning whether the instruction on sudden
passion should have been included in the charge on punishment. The record further
reflects that appellant’s counsel described the trial court’s comments as “inadvertent,”
and the conference outside the presence of the jury clarified that the instruction was
properly included in the charge. At the conclusion of that conference, appellant’s
counsel proposed that the trial court inform the returning jurors that he would “just
start over; and they won’t even know what they missed.” The trial court agreed,
instructed the jurors on their return that he would “start over,” and complied with
appellant’s counsel’s request by reading the entire charge without any interruption
concerning the instruction on sudden passion. 
          We note further that the complete jury charge on punishment included the
instruction, quoted in full above, that the jurors were to disregard “remarks, rulings[,]
or actions of the judge . . .” as indicating the trial court’s opinion concerning any fact
or the punishment to be assessed. We presume that the jury followed this instruction. 
See Luquis v. State, 72 S.W.3d 355, 366 (Tex. Crim. App. 2002). 
          Given the trial court’s second, corrected reading of the charge, as proposed by
appellant, together with the trial court’s additional instruction concerning incidental
comments by the court, we conclude that the trial court’s initial comments do not
suggest egregious bias. See Blue, 41 S.W.3d at 138 (Keasler, J., concurring). 
Because the alleged error thus fails to constitute fundamental error, appellant had to
comply with the usual requirements to preserve his complaint in order to complain
on appeal. Compare Blue, 41 S.W.3d at 132-33 (holding that no objection required
to preserve “plain error” premised on comments by trial court that “effectively
destroyed defendant’s presumption of innocence”). 
 

No Error Preserved
          To preserve a complaint for appellate review, a party must have presented to
the trial court a timely request, objection, or motion that states the specific grounds
for the desired ruling, if it is not apparent from the context of the request, objection,
or motion. Tex. R. App. P. 33.1(a). Appellate review is further premised on the
complaining party’s obtaining an adverse ruling. Tucker v. State, 990 S.W.2d 261,
262 (Tex. Crim. App. 1999); Steadman v. State, 31 S.W.3d 738, 741 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d). An appellant who obtains all the relief
he has requested has not preserved error. See McCoy v. State, 10 S.W.3d 50, 55 (Tex.
App.—Amarillo 1999, no pet.). 
          Although conceding that the trial court’s comments were inadvertent and
initially objecting that those comments might have adversely influenced the jury,
appellant’s counsel proposed the solution chosen by the trial court to resolve any
confusion—to read the charge again without the comment. Having proposed this
solution, appellant’s counsel acquiesced to it, without further comment. Having
obtained all the relief he requested, appellant may not reassert his initial complaint
in this Court. See McCoy, 10 S.W.3d at 55. 
          We overrule appellant’s sole point of error.
 

Conclusion
          We affirm the judgment of the trial court. 


                                                                                  Elsa Alcala
                                                                                  Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).