NO. 07-06-0124-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS


 

AT AMARILLO



PANEL B



JUNE 12, 2007


______________________________



GUADALUPE VALDEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 50,139-C; HONORABLE PATRICK A. PIRTLE, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ. 

MEMORANDUM OPINION


 Appellant, Guadalupe Valdez, was charged by indictment with the offense of
aggravated sexual assault of a child, enhanced by two prior felony convictions. The jury
convicted appellant of the charge and found both enhancement allegations were true. The
trial court sentenced appellant to life in the Texas Department of Criminal Justice-Institutional Division. It is from this sentence that appellant appeals. 

 Through two issues appellant alleges that the trial court committed reversible error 
during the guilt/innocence phase in: (1) admitting evidence of extraneous offenses, and (2)
admitting evidence that appellant had previously been in prison. We affirm.

Factual Background


 Appellant is alleged to have committed a sexual assault against a child, M.A.F., who
was 13 years of age at the time of the assault. On the day before the initial sexual contact
with appellant, M.A.F. had been walking home when he first met appellant. Through a
discussion that followed, appellant learned that M.A.F. had broken his skateboard. 
Appellant offered to buy M.A.F. a new skateboard. The next day, M.A.F. went to
appellant's house and smoked a joint of marijuana and then went with appellant to another
location where appellant met some people and sold them marijuana. That same day
appellant bought a skateboard for M.A.F. That afternoon M.A.F. skateboarded to
appellant's house. While M.A.F. was there, appellant suggested that instead of paying for
the skateboard M.A.F. should allow appellant to give him oral sex, which in fact did occur. 
The relationship between M.A.F. and appellant continued from mid-March 2004 until
M.A.F. was locked up in the county detention center on May 21, 2004. It was during his
detention that M.A.F. first made an outcry about the sexual assaults by appellant. 

 M.A.F. advised detention center staff member, LaShonda Nevels, about the
incidents on October 27, 2004. Later on the same day and again on the 28th of October,
2004, M.A.F. gave statements to a detective about the assaults. 

 Appellant was arrested on the charges on October 28, 2004. After his arrest, and
while in custody, appellant waived his "Miranda" rights and gave a voluntary statement
admitting the sexual assaults. The voluntariness of the statement is not challenged on
appeal. 

 By two issues, appellant challenges the trial court's admission of certain evidence. 
Appellant contends that the admission of the referenced evidence was reversible error.

Standard of Review


 A trial court's decision to admit evidence is reviewed under an abuse of discretion
standard. Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim,App.1996). An appellate
court will not reverse a trial court's decision whose ruling is within the zone of reasonable
disagreement. Id. at 102. See also Guzman v. State, 955 S.W.d 85, 89 (Tex.Crim.App.
1997). 

Extraneous Offense-Marijuana


 Appellant's contention is that the evidence regarding the use and sale of marijuana
by appellant prior to the first sexual encounter with M.A.F. was not relevant under Texas
Rule of Evidence 402. (1) Further, if the evidence was relevant it was inadmissible under
Rule 404(b). Rule 404(b) states that:

 

 Evidence of other crimes, wrongs or acts is not admissible to prove the
character of a person in order to show the person acted in conformity
therewith . . . .


Appellant posits that the evidence regarding the use and sale of marijuana served no other
purpose than to show that appellant was a bad person. Accordingly, it was not admissible
and the admission was harmful. 

 However, appellant's discussion of this evidentiary issue does not include the
admissibility of this evidence pursuant to article 38.37 of the Texas Code of Criminal
Procedure. This statute applies to prosecutions for sexual offenses committed against
children under 17 years of age. See Tex. Code Crim. Proc. Ann. art. 38.37 § 1 (Vernon
Supp. 2006). The statute also provides that,

 Not withstanding Rules 404 and 405, Texas Rules of Evidence, evidence of
other crimes, wrongs, or acts committed by the defendant against the child
who is the victim of the alleged offense shall be admitted for its bearing on
relevant matters, including;

 (1) the state of mind of the defendant and the child; and

 (2) the previous and subsequent relationship between the
defendant and the child.


Tex. Code Crim. Proc. Ann. art 38.37 § 2 (Vernon Supp. 2006).


 Given the statutory language, the evidence of the use and sale of marijuana was 
relevant and admissible to demonstrate the attempt by appellant to cultivate a relationship
with the minor. As such, this evidence goes directly to the state of mind of appellant and
the minor. See O'Canas v. State, 140 S.W.3d 695, 698 (Tex.App.-Dallas 2003, pet.
ref'd.); McCoy v. State, 10 S.W.3d 50, 54 (Tex.App.-Amarillo 1999, no pet.). 

 However, the appellant further alleges that, even if the evidence is relevant and
admissible, the trial court committed further error by allowing the jury to hear the testimony
in the face of a Rule 403 objection about the prejudicial effect of that evidence. Under
appellant's theory, the admission of the evidence was harmful because the sole result of
the admission was to make him out as a drug dealer without adding anything probative to
the trial. 

 For purposes of appellant's contention, the applicable portion of Rule 403 provides
that relevant evidence may still be excluded if the probative value of the evidence is
substantially outweighed by the danger of unfair prejudice. In making a Rule 403
determination of probative value and unfair prejudice, there are four areas of inquiry: (1)
how compelling the extraneous offense evidence serves to make a fact of consequence
more or less probable - a factor which is related to the strength of the evidence presented
by the proponent to show the defendant in fact committed the extraneous offense; (2) the
potential the other offense evidence has to impress the jury "in some irrational but
nevertheless indelible way"; (3) the time the proponent will need to develop the evidence,
during which the jury will be distracted from consideration of the indicted offense; and (4)
the force of the proponent's need for this evidence to prove a fact of consequence, that is,
does the proponent have other evidence available to him to help establish this fact, and
is this fact related to an issue in dispute. Wyatt v. State, 23 S.W.3d 18, 26 (Tex.Crim.App.
2000). After this determination, a reviewing court should only reverse in cases of a clear
abuse of discretion. Id.

 The evidence complained of went to show the relationship that existed between
M.A.F. and appellant prior to the sexual assault. It tended to demonstrate the attempts of
appellant to "groom" M.A.F. for the assault. See generally Hernandez v. State, 973 S.W.2d
787, 790 (Tex.App.-Austin 1998, pet. ref'd). The proof of the extraneous offense, through
the testimony of M.A.F., was relatively clear and definitive about the facts of the offense. 
It took only a few moments of M.A.F.'s testimony to present the evidence and it was in fact
presented as part of the chronological order of events. Accordingly, there was little chance
that this evidence distracted the jury from the consideration of the indicted offense. It is
true that possession and distribution of marijuana carry with it some emotional baggage;
however, it is not such as will impress the jury in some irrational manner, more so when the
manner of presentation of the evidence is considered. The State's need for the evidence
might be considered slight, especially in light of appellant's confession, however, the State
is entitled to present the surrounding facts and circumstances of the indicted offense. This
was the only evidence at the State's disposal to show the previous relationship between
the victim and appellant or to shed light on the state of mind of appellant. See Tex. Code
Crim. Proc. Ann. art. 38.37 § 1 (Vernon Supp. 2006). Accordingly, we hold that the
admission of the extraneous offense evidence was not a clear abuse of discretion and
appellant's contention is overruled. (2)


Previous Imprisonment


 Appellant next contends that the trial court erred when it allowed his statement to
be published to the jury without redacting the following phrase, "since I got out of prison." 
Appellant's trial objection was pursuant to Rule 403. However, appellant's brief only refers
to Rule 403 in stating what the trial objection was. There are no citations to authority and
no analysis upon which we are to base our decision on this matter, save a very conclusory
statement. Appellant has failed to brief this issue in conformity with the rules of appellate
procedure. Tex. R. App. P. 38.1(h). Accordingly, he has failed to present anything for
review. See Tufele v. State, 130 S.W.3d 267, 271 (Tex.App.-Houston [14th Dist.] 2004,
no pet. h.). 

Conclusion


 Having overruled appellant's contentions, we affirm the judgment of the trial court. 

 

 Mackey K. Hancock

 Justice






Do not publish. 

1. Further citation to Texas Rule of Evidence will be by "Rule ___".
2. We note that even if the court erred in admitting this evidence, the error was not
one that, in light of the entire record, had a substantial and injurious effect or influence in
determining the jury's verdict. Tex. R. App. P. 44.2(b); King v. State, 953 S.W.2d 266, 271
(Tex.Crim.App. 1997).