NO. 07-06-0124-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 12, 2007
_____

GUADALUPE VALDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,139-C; HONORABLE PATRICK A. PIRTLE, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Guadalupe Valdez, was charged by indictment with the offense of aggravated sexual assault of a child, enhanced by two prior felony convictions. The jury convicted appellant of the charge and found both enhancement allegations were true. The trial court sentenced appellant to life in the Texas Department of Criminal Justice-Institutional Division. It is from this sentence that appellant appeals.

Through two issues appellant alleges that the trial court committed reversible error during the guilt/innocence phase in: (1) admitting evidence of extraneous offenses, and (2) admitting evidence that appellant had previously been in prison.  We affirm.

## Factual Background

Appellant is alleged to have committed a sexual assault against a child, M.A.F., who was 13 years of age at the time of the assault.  On the day before the initial sexual contact with appellant, M.A.F. had been walking home when he first met appellant.  Through a discussion that followed, appellant learned that M.A.F. had broken his skateboard.  Appellant offered to buy M.A.F. a new skateboard.  The next day, M.A.F. went to appellant's house and smoked a joint of marijuana and then went with appellant to another location where appellant met some people and sold them marijuana.  That same day appellant bought a skateboard for M.A.F.  That afternoon M.A.F. skateboarded to appellant's house.  While M.A.F. was there, appellant suggested that instead of paying for the skateboard M.A.F. should allow appellant to give him oral sex, which in fact did occur.  The relationship between M.A.F. and appellant continued from mid-March 2004 until M.A.F. was locked up in the county detention center on May 21, 2004.  It was during his detention that M.A.F. first made an outcry about the sexual assaults by appellant.

M.A.F. advised detention center staff member, LaShonda Nevels, about the incidents on October 27, 2004.  Later on the same day and again on the 28th of October, 2004, M.A.F. gave statements to a detective about the assaults.

2

Appellant was arrested on the charges on October 28, 2004. After his arrest, and while in custody, appellant waived his "Miranda" rights and gave a voluntary statement admitting the sexual assaults. The voluntariness of the statement is not challenged on appeal.

By two issues, appellant challenges the trial court's admission of certain evidence. Appellant contends that the admission of the referenced evidence was reversible error.

## Standard of Review

A trial court's decision to admit evidence is reviewed under an abuse of discretion standard. Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim,App.1996). An appellate court will not reverse a trial court's decision whose ruling is within the zone of reasonable disagreement. Id. at 102. See also Guzman v. State, 955 S.W.d 85, 89 (Tex.Crim.App. 1997).

## Extraneous Offense-Marijuana

Appellant's contention is that the evidence regarding the use and sale of marijuana by appellant prior to the first sexual encounter with M.A.F. was not relevant under Texas Rule of Evidence 402.[1] Further, if the evidence was relevant it was inadmissible under Rule 404(b). Rule 404(b) states that:

---

[1] Further citation to Texas Rule of Evidence will be by "Rule ___".

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show the person acted in conformity therewith . . . .

Appellant posits that the evidence regarding the use and sale of marijuana served no other purpose than to show that appellant was a bad person. Accordingly, it was not admissible and the admission was harmful.

However, appellant's discussion of this evidentiary issue does not include the admissibility of this evidence pursuant to article 38.37 of the Texas Code of Criminal Procedure. This statute applies to prosecutions for sexual offenses committed against children under 17 years of age. See TEX. CODE CRIM. PROC. ANN. art. 38.37 § 1 (Vernon Supp. 2006). The statute also provides that,

> Not withstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including;
>
>> (1) the state of mind of the defendant and the child; and
>>
>> (2) the previous and subsequent relationship between the defendant and the child.

TEX. CODE CRIM. PROC. ANN. art 38.37 § 2 (Vernon Supp. 2006).

Given the statutory language, the evidence of the use and sale of marijuana was relevant and admissible to demonstrate the attempt by appellant to cultivate a relationship with the minor. As such, this evidence goes directly to the state of mind of appellant and the minor. See O'Canas v. State, 140 S.W.3d 695, 698 (Tex.App.–Dallas 2003, pet. ref'd.); McCoy v. State, 10 S.W.3d 50, 54 (Tex.App.–Amarillo 1999, no pet.).

4

However, the appellant further alleges that, even if the evidence is relevant and admissible, the trial court committed further error by allowing the jury to hear the testimony in the face of a Rule 403 objection about the prejudicial effect of that evidence. Under appellant's theory, the admission of the evidence was harmful because the sole result of the admission was to make him out as a drug dealer without adding anything probative to the trial.

For purposes of appellant's contention, the applicable portion of Rule 403 provides that relevant evidence may still be excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. In making a Rule 403 determination of probative value and unfair prejudice, there are four areas of inquiry: (1) how compelling the extraneous offense evidence serves to make a fact of consequence more or less probable – a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense; (2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way"; (3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and (4) the force of the proponent's need for this evidence to prove a fact of consequence, that is, does the proponent have other evidence available to him to help establish this fact, and is this fact related to an issue in dispute. Wyatt v. State, 23 S.W.3d 18, 26 (Tex.Crim.App. 2000). After this determination, a reviewing court should only reverse in cases of a clear abuse of discretion. Id.

The evidence complained of went to show the relationship that existed between M.A.F. and appellant prior to the sexual assault. It tended to demonstrate the attempts of appellant to "groom" M.A.F. for the assault. See generally Hernandez v. State, 973 S.W.2d 787, 790 (Tex.App.–Austin 1998, pet. ref'd). The proof of the extraneous offense, through the testimony of M.A.F., was relatively clear and definitive about the facts of the offense. It took only a few moments of M.A.F.'s testimony to present the evidence and it was in fact presented as part of the chronological order of events. Accordingly, there was little chance that this evidence distracted the jury from the consideration of the indicted offense. It is true that possession and distribution of marijuana carry with it some emotional baggage; however, it is not such as will impress the jury in some irrational manner, more so when the manner of presentation of the evidence is considered. The State's need for the evidence might be considered slight, especially in light of appellant's confession, however, the State is entitled to present the surrounding facts and circumstances of the indicted offense. This was the only evidence at the State's disposal to show the previous relationship between the victim and appellant or to shed light on the state of mind of appellant. See TEX. CODE CRIM. PROC. ANN. art. 38.37 § 1 (Vernon Supp. 2006). Accordingly, we hold that the admission of the extraneous offense evidence was not a clear abuse of discretion and appellant's contention is overruled.[2]

---

[2] We note that even if the court erred in admitting this evidence, the error was not one that, in light of the entire record, had a substantial and injurious effect or influence in determining the jury's verdict. TEX. R. APP. P. 44.2(b); King v. State, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997).

Previous Imprisonment

Appellant next contends that the trial court erred when it allowed his statement to be published to the jury without redacting the following phrase, "since I got out of prison." Appellant's trial objection was pursuant to Rule 403. However, appellant's brief only refers to Rule 403 in stating what the trial objection was. There are no citations to authority and no analysis upon which we are to base our decision on this matter, save a very conclusory statement. Appellant has failed to brief this issue in conformity with the rules of appellate procedure. TEX. R. APP. P. 38.1(h). Accordingly, he has failed to present anything for review. See Tufele v. State, 130 S.W.3d 267, 271 (Tex.App.–Houston [14th Dist.] 2004, no pet. h.).

Conclusion

Having overruled appellant's contentions, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.