NO. 07-09-0121-CR
NO. 07-09-0122-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 21, 2009
______________________________

SHANNON LEE ABEYTA,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
_________________________________

FROM THE 251st DISTRICT COURT OF POTTER COUNTY;

NOS. 41,915-C and 43,143-C; HON. PATRICK A. PIRTLE, PRESIDING
_______________________________

Abatement and Remand
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Â Shannon Lee Abeyta (appellant), acting pro se, perfected an appeal from the trial
courtâs denial of her motion for DNA testing. In perfecting the appeal, she also requested
that counsel be appointed to represent her. None was appointed. Yet, at the time
appellant moved for testing, she was entitled to appointed counsel upon proof of indigency. 
See Spruce v. State, 06-05-00077-CR, 2005 Tex. App. Lexis 6548 (Tex. App.âTexarkana
August 17, 2005) (explaining the status of the law); Gray v. State, 69 S.W.3d 835, 837
(Tex. App.âWaco 2002, no pet.) (requiring appointment).


 Consequently, we abate the
appeals and remand the causes to the 251st District Court of Potter County (trial court) for
further proceedings. Upon remand, the trial court shall immediately cause notice of a
hearing to be given and, thereafter, conduct a hearing to determine the following:
Â Â Â Â Â Â Â Â Â Â 1.Â Â Â Â Â Â Â whether appellant desires to prosecute the appeals; and
Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â 2. Â Â Â Â Â whether appellant is indigent.

Â Â Â Â Â Â Â Â Â Â We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue her appeals, is indigent, and has no counsel, then we further direct it to appoint
counsel to assist in the prosecution of the appeals. The name, address, phone number,
telefax number, and state bar number of the new counsel, if any, who will represent
appellant on appeal must also be included in the courtâs findings of fact and conclusions
of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental
clerkâs record containing the findings of fact and conclusions of law and 2) a reporterâs
record transcribing the evidence and argument presented at the aforementioned hearing. 
Additionally, the trial court shall cause the supplemental clerkâs records to be filed with the
clerk of this court on or before June 22, 2009. Should additional time be needed to
perform these tasks, the trial court may request same on or before June 22, 2009.
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Do not publish.



lant
next complains of the trial courts admission into evidence of the results of
her intoxilyzer tests.Â  Two tests were
taken, and the results of same revealed that she had an alcohol concentration
of .168 and .164, respectively.Â  The
admission of these results was allegedly error because they were irrelevant, as
that term was definedÂ  under Texas Rule
of Evidence 401.Â  Furthermore, assuming
they were relevant, their probative value was substantially outweighed by the
danger of unfair prejudice; so, they were purportedly subject to exclusion
under Texas Rule of Evidence 403.Â  We
overrule the point.

Â Â Â Â Â Â Â Â Â Â Â  Standard
of Review

Â Â Â Â Â Â Â Â Â Â Â  The
standard of review applicable to claims implicating the admission of evidence
is discussed in Montgomery v. State, 810 S.W.2d 372, 378-79 (Tex. Crim.
App. 1990).Â  We refer the litigants to
it.

Â Â Â Â Â Â Â Â Â Â Â  Application
of Standard

Â Â Â Â Â Â Â Â Â Â Â  To
the extent that appellant believes the results were irrelevant, we note that
the legislature effectively resolved that dispute.Â  Via Â§724.064 of the Texas Transportation Code, it declared that
Âevidence of the alcohol concentration . . . as shown by analysis of a specimen
of the personÂs blood, breath, or urine or any other bodily substance . . . is
admissibleÂ in a prosecution arising from chapter 49 of the Penal
Code.Â  Tex.
Transp. Code Ann. Â§724.064 (Vernon 1999).Â  (Emphasis added).Â  Needless to say, trying appellant for operating a motor vehicle
in a public place while intoxicated is prosecution arising under Chapter 49 of
the Penal Code.Â  Tex. Penal Code Ann. Â§49.04 (Vernon Supp.
2002)(appearing under chapter 49 of the Texas Penal Code and criminalizing the
act of operating a motor vehicle in a public place while intoxicated).Â  Furthermore, the results or the intoxilyzer
tests here purportedly quantify the alcohol concentration found in appellantÂs
body.Â  Thus, the legislature made those
results relevant pursuant to Â§724.064 of the Transportation Code.

Â Â Â Â Â Â Â Â Â Â Â  To
the extent that appellant invokes Texas Rule of Evidence 403, we read her
argument to implicate the concept of retrograde extrapolation.[2]Â  That is, she believes that the State
tendered the intoxilyzer results to illustrate that she had an alcohol
concentration of .08 or more while driving.Â 
Yet, because the tests were not administered until one and one-half
hours after she ceased driving, evidence of the rate at which she eliminated
alcohol from her body (i.e. retrograde extrapolation) was necessary to
place the tests results in context and render them meaningful.Â  Without that evidence (which the State did
not present), the jury was allegedly free to view the results and simply
conclude that since her alcohol concentration exceeded .08 at the time of the
test, it did so when the officer stopped her.Â 
And, being allowed to so speculate created a substantial danger of
unfair prejudice.Â  Assuming arguendo
that this argument may have merit under some circumstances, it does not given
those before us.

Â Â Â Â Â Â Â Â Â Â Â  The
officer who arrested appellant for Âdriving while intoxicatedÂ had opportunity
to witness certain conduct and circumstances before making the arrest.Â  That conduct consisted of appellant 1)
making a wide turn on a public street and Âalmost colliding with the curb
whereÂ the officer stood, 2) weaving three times as she drove down a four block
stretch of road, 3) having Âa strong odor of an alcoholic beverage on her
breath,Â 4) appearing Âa little disoriented,Â 5) appearing Âa little confused,Â
and 6) failing to satisfactorily perform the various sobriety tests
administered to her.Â  The sobriety tests
consisted of her attempting to recite her A, B, CÂs in a way directed by the
officer, stand on one foot while counting to 30, touch her nose with her
finger, and walk heel to toe in a straight line for nine paces, turn around,
and repeat the task.Â  Her inability to
perform the tests indicated that she suffered from impaired mental and physical
faculties.Â  And, when her inability to
perform the tests is coupled to the evidence that her breath smelled of
alcohol, one could rationally conclude, beyond reasonable doubt, that appellant
was operating a motor vehicle in a public place while intoxicated.[3]
Consequently, we hold that the trial courtÂs decision to reject appellantÂs
attempt to exclude the evidence via Rule 403 fell within the zone of reasonable
disagreement and evinced an exercise of legitimate discretion.[4]Â  

Â Â Â Â Â Â Â Â Â Â Â  Accordingly,
the judgment is affirmed.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  Brian Quinn

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  Â Â Â 
Justice

Â 

Do not publish. 

Â 

Â Â  Â Â Â Â Â Â Â Â  Â Â 

Â 

Â 

Â 

Â 

Â 











Â Â Â Â Â Â Â Â Â Â Â  [1]Again, the test
focuses upon the conduct and deductions of a reasonable officer under the
circumstances.Â  Given this, we reject
appellantÂs suggestion that since the officer at bar stopped appellant because
he thought he had probable cause to believe she committed a traffic offense,
the State could only justify the stop on that basis.Â  Quite the contrary, if the circumstances permit the court to
deduce that a reasonable officer could have justified the stop based upon the
existence of circumstances creating reasonable suspicion that criminal activity
was afoot, that is all the State need show, irrespective of the subjective
motivations of the actual officer.





Â Â Â Â Â Â Â Â Â Â Â  [2]Retrograde
extrapolation involves the computation back in time of the alcohol
concentration found in oneÂs body based upon the speed with which the alcohol
is eliminated from the body.Â  Mata v.
State, 46 S.W.3d 902, 908-909 (Tex. Crim. App. 2001).Â  Furthermore, the speed with which alcohol is
eliminated depends upon a myriad of factors, as discussed in Mata.





Â Â Â Â Â Â Â Â Â Â Â  [3]According to
statute, the State may prove one to be intoxicated by 1) establishing that the
person did not have the normal use of mental or physical faculties by reason of
the introduction of alcohol or any other substance into the body or 2) having
an alcohol concentration of .08 or more.Â 
Tex. Penal Code Ann.
Â§49.01(2) (Vernon Supp. 2002).





Â Â Â Â Â Â Â Â Â Â Â  [4]In holding as we do,
we need not address the StateÂs proposition that Â§724.064 of the Texas
Transportation Code permits the admission of intoxilyzer results irrespective
of the limitations expressed in Rule 403.Â 
We do note, however, that Rule 403 has been applied in situations
wherein the legislature has previously declared particular evidence admissible.Â  See e.g., McCoy v. State, 10 S.W.3d
50 (Tex. App.ÂAmarillo 1999, no pet. ) (involving art. 38.37 of the Texas Code
of Criminal Procedure).Â