**Opinion issued December 16, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00202-CR

————————————

## EARL CHARLES MARTIN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 1413896**

---

## MEMORANDUM OPINION

Earl Charles Martin was charged by indictment with the felony offense of aggravated sexual assault of a child, "Beth."[1]  *See* TEX. PENAL CODE ANN.

---

[1]     We identify the complainant by a pseudonym to protect her anonymity.

§ 22.021 (West 2013). Martin entered a plea of "not guilty" and the case was tried before a jury. The jury found Martin guilty as charged in the indictment. Finding the punishment enhancement allegation was true, the trial court assessed a sentence of life in prison.

On appeal, Martin contends that the trial court reversibly erred in admitting evidence of two extraneous sexual offenses he committed against Beth because the State failed to give proper notice of its intent to introduce that evidence pursuant to article 38.37 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 38.37 § 3 (West Supp. 2014). We affirm.

**Background**

Beth's mother was in a relationship with Martin. For a time, they lived with Martin in his home. Beth testified that Martin sexually assaulted her three times during the time she and her mother lived with him. These incidents occurred when Beth was 12 years old.

In the first incident, Beth was lying on her stomach on her bed when Martin came into her bedroom, took her phone, and left. He returned a couple of minutes later when he realized the phone was locked. After he put the phone down, he sat down next to her and started rubbing Beth's back. Martin climbed onto the bed and reclined beside Beth, continuing to rub her back. Then, Martin got on top of her and moved his hips up and down on her back.

2

In the second incident—which served as the basis of the indictment against Martin—Beth was in her bedroom, lying on her back in her nightgown, when Martin entered her room. He got on top of her, kissed her, and inserted his fingers into her vagina.

Before the third incident occurred, Martin's son came to live with his father. Martin's son moved into the bedroom where Beth had been and Beth slept on the living room couch. One night, Beth was lying on her back on the sofa when Martin approached. Martin touched Beth's breasts, got on top of her, and began moving his body up and down. Next, he took Beth's hand, put it on his penis, and made Beth move her hand up and down on his penis. Beth's mother walked into the room and Martin quickly stopped, stood up, and explained that he was just giving Beth a goodnight kiss.

At the time, Beth did not say anything to her mother about Martin's conduct. A few years later, Beth's mother learned from the parent of Beth's friend that Beth had confided in the friend about Martin's abuse. After Beth confirmed the abuse, her mother took her to report the incident to the Houston Police Department. Officer C.M. Broussard, of HPD's Juvenile Division Sex Crimes Unit, recorded Beth's statement. The investigation led to the indictment against Martin.

**Discussion**

*Standard of review*

We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). A trial court does not abuse its discretion if some evidence supports its decision. *See Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002). We uphold a trial court's evidentiary ruling if it was correct on any theory of law applicable to the case. *See De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

*Article 38.37*

Entitled "Extraneous Offenses or Acts," article 38.37 contains a rule of evidence applicable to certain types of sexual abuse cases, including this one. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 §§ 1(a), 2(a) (West Supp. 2014); *Hitt v. State*, 53 S.W.3d 697, 705 (Tex. App.—Austin 2001, pet. ref'd). It supersedes Texas Rule of Evidence 404(b), making admissible extraneous offense evidence that Rule 404(b) does not. *Hitt*, 53 S.W.3d at 705. Article 38.37 allows the jury to consider that evidence's bearing on "relevant matters," including the state of mind of the defendant and the child, and the previous and subsequent relationship

4

between the defendant and the child. TEX. CODE CRIM. PROC. ANN. art. 38.37 § 1(b) (West Supp. 2014). Under article 38.37, the State must give a defendant, at least 30 days before trial, notice of its intention to introduce evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense. TEX. CODE CRIM. PROC. ANN. art. 38.37 §§ 1(b), 3.

*Analysis*

We first consider whether the State provided Martin with the requisite notice under article 38.37. More than 30 days before trial, the State served Martin with a "Notice of Intention to Use Evidence of Prior Convictions and Extraneous Offenses." At the same time, the State also provided to Martin a "Notice of Intent to Use Child Abuse Victim's Hearsay Statement." Neither of the State's notices expressly referred to article 38.37, but the statute does not require an express reference. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 § 3 (requiring state to "give the defendant notice of the state's intent to introduce in the case in chief evidence described by Section 1 or 2"); *see also McCoy v. State*, 10 S.W.3d 50, 54 (Tex. App.—Amarillo 1999, no pet.) ("The fact that the benefit of the statute was not specifically invoked by the State at trial does not prevent it from being applicable in our consideration of the challenge before us.").

The extraneous-offense notice states that the "State plans to introduce testimony/evidence at trial pertaining to all incidents occurring out of the same

5

transaction which are detailed in the offense report(s) and RIP call(s) previously disclosed and made accessible to defense counsel." It explains an intent to offer the evidence "to impeach the testimony and/or enhance the range of punishment" and, if permitted, for "other purposes, including but not limited to proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The offense report, which defense counsel admittedly had seen, details the second incident, which served as the basis for the indictment, as well as the two other incidents of sexual assault that Beth recounted to Officer Broussard. The State's notice of intent to use the child abuse victim's hearsay statement also contains a summary of the testimony the State planned to elicit through Beth's mother, which includes details that pertain specifically to the third incident.

Citing *McDonald v. State*, 179 S.W.3d 571 (Tex. Crim. App. 2005), Martin contends that the State's filings did not satisfy article 38.37's notice requirement. Under *McDonald*, the State's description of "all incidents" as same-transaction evidence, from a legal standpoint, does not accurately encompass the first and third incidents that Beth reported. *See id.* at 577–78 (explaining that when facts of primary offense can be understood independent of uncharged misconduct, State must give timely notice before it can be admitted under Rule 404(b)). The description arguably makes the notice's reference to "all incidents" ambiguous.

But we need not decide whether the trial court erred in admitting evidence of those incidents because the error, if any, is harmless. Pursuant to Texas Rule of Appellate Procedure 44.2(b), a non-constitutional error does not provide grounds for reversal unless it affects the defendant's substantial rights. *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011); TEX. R APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *See McDonald*, 179 S.W.3d at 578.

Martin contends that the error was harmful because the admission of the two other incidents tended to show Martin's guilt as a pattern of conduct and bolstered Beth's credibility. But Martin challenges only the lack of notice, not the underlying admissibility of the offenses had they been properly noticed. In this circumstance, the Texas Court of Criminal Appeals instructs that we consider whether the lack of notice may have caused any harm or affected Martin's ability to mount an adequate defense. *See id.* ("In this instance, the appellant objected only to the lack of notice as to the uncharged misconduct. He did not object to the admissibility of the uncharged misconduct itself. Accordingly, we look only at the harm that may have been caused by the lack of notice and the effect the lack of notice had on the appellant's ability to mount an adequate defense.").

We conclude that it did not. Defense counsel admitted that the State had provided him with the offense report, and the State provided timely notice that it

7

planned to elicit testimony from Beth's mother specifically relating to one of the uncharged incidents.  Martin, therefore, was not surprised by the witnesses' testimony concerning the uncharged incidents, and he vigorously exercised the opportunity to cross-examine them.  He does not contend that clearer timely notice from the State would have led him to alter his defense.  *See id.* at 578–79. Accordingly, we hold that any error in admitting evidence of the uncharged incidents did not influence the jury or had only a slight effect in determining the verdict.

## Conclusion

We affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).